IN THE

# SUPREME COURT

OF THE

## STATE OF NEW-YORK,

IN FEBRUARY TERM, 1827, IN THE FIFTY-FIRST YEAR OF OUR INDE-PENDENCE.

---

## MYERS *against* FOSTER.

ON error from the C. P. of *Schenectady* county, where the cause came by appeal from the justices' court of the city of *Schenectady*.

*Myers*, a collector on the *Erie* canal, sued *Foster* for $25, the penalty given by the 17th section of the act for the maintenance and protection of the *Erie* and *Champlain* canals, (*sess.* 43, *ch.* 202.) This section requires that every boatman, or person having charge of property moving on the canal, shall give to the collector, &c. a just account or bill of lading, &c. signed by the person, &c. conveying such property, &c. containing a statement of the weight of all property on which toll is charged by the ton, &c. and the number and feet of other articles, &c. a statement of the place from which the property is brought, and where the same is intended to be landed, &c. ; and on default in any of these particulars, that the boatman, &c. shall forfeit and pay the penalty of $25. The 20th section authorizes the canal commissioners to establish the rates of toll to be paid on all articles conveyed, &c. and to erect toll houses and weighing scales. The 23d section gives an action for all penalties to the collector, &c.

*Foster*, the defendant, being master of a freight boat, cleared from *Albany*, with property and four passengers,

> The canal commissioners have no right to levy a toll upon *passengers* on the *Erie* and *Champlain* canals, within the stat. sess. 43, ch. 202, s. 17 & 20.
>
> But the act was amended, and extended to *persons*, by the statute of *April* 12*th*, 1827. Vid. note (*a*) at the end of this case.
>
> A penal statute is not to be extended by an equitable construction.

having paid toll for the property, as established under the 20th section.   He afterwards took in one and an half passengers at *West Troy ;* and at *Schenectady,* offered to clear the passengers, with 3 1-2 more passengers taken on board at the latter place, (making in all, the number of 8,) to a place about 5 miles above the city, which was done, the defendant furnishing a bill of lading accordingly. 6 1-2 of the passengers were discovered by agents, (whom the plaintiff had employed to watch,) continuing their passage on the boat about ten miles above *Schenectady ;* and it was for the falsity of the bill of lading, in this respect, that the action was brought.

On these facts being proved in the C. P. the plaintiff rested ; and the defendant moved for a nonsuit, on the ground that no toll could be assessed on passengers, by the canal commissioners ; *passengers* not being *property,* to which alone the act extended ; and that no assessment on passengers was proved.

The plaintiff then offered in evidence, an establishment of toll, on passengers over 12 years of age by number, and under that age by weight, to be estimated at 75lbs. each ; signed by *Stephen Van Rensselaer, Samuel Young, Henry Seymour* and *Wm. C. Bouck,* the canal commissioners, who claimed in making the assessment, to act under the 20th section.

This evidence was rejected by the C. P. who nonsuited the plaintiff.   He excepted ; and brought error to this court on the bill of exceptions.

*N. F. Beck,* for the plaintiff in error, conceded that passengers were not mentioned specifically by the act as a subject of toll ; but he contended that the intent and object of the legislature was to levy a compensation upon every person, as well as upon all property transported upon the canal.   Though *persons* are not within the terms, they are certainly within the reason and equity of the act.— The transportation of passengers occasions the same injury to the canal, and works the same benefit and profit to individuals as the transportation of property.

*A. C. Paige*, contra, was stopped by the court.

SAVAGE, Ch. Justice. The only question seems to be, whether *passengers* are *property*. No mention is made of *persons*, and there is not a word in the act from which we can infer that the legislature intended to make them the subject of toll. The law will not extend a penal statute by equitable construction.

SUTHERLAND, J. It is impossible that this law could contemplate *passengers* as the subject of toll. There is nothing either in the sense of the words used, or in the context, to warrant the construction contended for. It would be extending a penal statute beyond what was ever heard or thought of before.

WOODWORTH, J. The judgment must be affirmed. This is a plain *casus omissus* in the act. The equitable construction contended for would be most extravagant; and is tolerated by no rule. It would be a total departure from the obvious meaning of the legislature.

Judgment affirmed. (*a*)

(*a*) By the act passed *April 12th*, 1827, amendatory to the one in question, the right is given to tax *persons* as well as *property*, passing on the canal.