THE UNITED STATES, *v.* PETER M. GIDEON.

Maliciously killing a dog is not an indictable offense under Sections 65, 66, 67, 68 and 69 of Chapter 119, Revised Statutes of Minnesota.

Under Section 39, Chapter 101, Revised Statutes of Minnesota, providing for the pun-

ishment of persons, who " shall wilfully and maliciously kill, maim or disfigure any "horses, cattle or other beasts of another person," &c.,

HELD—*First,* .That the value of the animal injured or killed, should be alleged and proved.

*Second,* That it is not necessary to prove malice against the animal.

This cause comes to the Supreme Court, upon a report of the case made by the Judge of the Third Judicial District.

The Defendant was indicted in the District Court of Hennepin County, for maliciously killing a dog. A demurrer to the indictment was overruled by the Court, and on the trial of the cause the Court charged the jury upon certain questions of law, to which charges the Defendant excepted.

The report was made to the Supreme Court, "Because upon " the trial of the said Defendant questions of law did arise, " which were so important or doubtful as to require the decis-"ion of said Court thereon."

These issues of law as presented by the report, are fully stated in the opinion of the Court.

The following are Points and Authorities relied upon by the Defendant :

*First.* That the Court erred in overruling the Demurrer of the Defendant to the Indictment, because,

The said Indictment does not substantially conform to the requirements of Sections 65, 66, 67, 68 and 69, of Chapter 119 of the Revised Statutes of Minnesota.—*See R. S., Chap.* 119, *page* 542 ; *State vs. Wilcox,* 3 *Yerg.,* 278 ; *State vs. Jackson,* 12 *Iredell,* 329 ; 13 *Iredell,* 33.

Because, The facts stated in the Indictment do not constitute a public offense.—*R. S.,* 505, 3 *Leigh, Rep.,* 809; 4 *Leigh.,* 686; 12 *Modern. Rep.,* 336–7; 3 *McCord,* 442; 1 *Baily,* 144 ; *Wharton's American Criminal Law,* (1st *Ed.,*) 91, *and cases there cited*; *State vs. McLain,* 2 *Brevard,* 443; *W. Am. Cr. Law,* (1st *Ed.,*) 94, *and cases there cited.*

Because the Indictment is uncertain as it does not show whether the dog which is alleged to have been killed, *was* killed with a gun or pistol.—*R. S. page* 542 *to* 548.

Because the Indictment states no value in the dog alleged

to have been killed.—*See Wharton's Crim. Law*, (1*st Ed.*,) *p.* 90; *Archbold's Criminal Pleading*, (4*th Am. Ed.*,) 326–7.

*Second.* The Court erred in disallowing and overruling the challenge to the panel of Petit or trial Jurors.—*See R. S.*, 556 ; *Id.*, 559, *Sec.* 172, 173, 174 *and* 175 ; *Id.*, *pages* 535, 536.

*Third.* The Court erred in refusing to charge the Jury, that the facts stated in the Indictment do not constitute a public offense.—*R. S.*, 508 ; 3 *Leigh. R.*, 809 ; 4 *Leigh. R.*, 686.

*Fourth.* The Court erred in instructing the Jury that the killing by one person of a dog of another person, wilfully and maliciously, is a public offense indictable under and by virtue of the provisions of Section 39 of Chapter 101, of the Revised Statutes, entitled " Of Offenses against Property."—*R. S.*, *page* 505; *see authorities above cited.*

*Fifth.* The Court erred in refusing to charge the Jury " That before they, the Jury, could find the Defendant guilty " under the Indictment, they must have before them evidence " of express malice in the mind of the Defendant against the " claimant or owner of the dog alleged to have been killed." —*State vs. Wilcox*, 3 *Yerg*, 278, *and cases above cited ;* 2 *Dev.*, 420 ; *Russell on Crimes*, (3*d Am. Ed.*,) 421, 425 *and* 438.

*Sixth.* The Court erred in instructing the Jury " That it was " not necessary to constitute the offense, or to the conviction of " the Defendant thereof, that the value of the dog should be " alleged in the Indictment or proven on the trial ; and that " there is property in a dog sufficient to sustain an indictment " against a person who maliciously kills the dog of another." 12 *Modern R.*, 336, *and authorities above cited.*

The Points and Authorities of Counsel for the United States are not on file.

WILKINSON & BABCOCK, Counsel for Defendant.

L. EMMETT, Counsel for United States.

*By the Court*—SHERBURNE, J.—This was an indictment for shooting a dog, and the charge is in the following words :

" Peter M. Gideon is accused by the Grand Jury of the Coun-
" ty of Hennepin, by this indictment of the crime of wilfully
" and maliciously killing a dog belonging to George M. Ber-
" tram, committed as follows, to wit: The said Peter M. Gid-
" eon did, on the 24th day of July, A. D. 1854, in the county
" aforesaid, wilfully and maliciously kill a dog belonging to
" George M. Bertram, by shooting said dog with a gun or pis-
" tol, to wit: in the county of Hennepin aforesaid "—dated,
etc.

To this indictment a demurrer was interposed, and the fol-
lowing are among the causes of demurrer assigned, to wit:
"The facts stated in the indictment do not constitute a public
" offense," and " The indictment states no value in the dog
" alleged to have been killed."

The demurrer was overruled and the cause went to trial.

The Defendant by his counsel requested the Court to charge
the Jury.

*First.* That the facts stated in the indictment do not con-
stitute a public offense. The Court refused so to charge, and
instructed the Jury in substance, that the facts stated did con-
stitute an indictable offense, by virtue of the provisions of
Section 39, Chapter 101 of the Revised Statutes.

*Second.* " That before the Jury could find the Defendant
" guilty under the indictment, they must have before them
" evidence of express malice in the mind of the Defendant
" against the claimant or owner of the dog alleged to have
" been killed."

Under the second request, the Court charged the Jury, among
other things, that " They must be satisfied or convinced by the
" evidence in the case, that the Defendant was prompted or
" induced to kill the dog by actual malice, either towards the
" owner of the dog, or towards the dog itself."

Also, in substance that it was not necessary to the convic-
tion of the Defendant that the value of the dog should be
alleged in the indictment, or proved upon trial, and that there
is property in a dog sufficient to sustain an indictment against
the person who maliciously kills the dog of another.

To all of which charges and rulings the Defendant, by his
counsel, excepted. Verdict was against the Defendant. The

case comes into this Court on the report of the presiding Judge.

Upon this statement of the case, two questions arise.

*First.* Is this an indictable offense?

*Second.* Was it necessary to allege and prove value in the dog?

*Third.* Was it sufficient to sustain the indictment, to prove malice against the dog only?

The indictment is founded upon section 39 of chapter 101 of the Revised Statutes. It provides that "Every person who " shall wilfully and maliciously kill, maim or disfigure any " horses, cattle or other beasts of another person," etc., "shall " be punished," etc.

It may be difficult to determine in all respects what animals the term " beasts," as used in the Statute, includes; but it may be fairly assumed, as it seems to me, that all such as have, in law, no value, were not intended to be included in that general term. Horses and cattle have an intrinsic value, which their names import, and it is but reasonable to suppose that the intention of the law was, in using the term "beasts," to include such other animals as may properly come under the name of the beasts, and as have an intrinsic value in the same sense that there is value in horses, oxen and cows. The term beasts may well be intended to include asses, mules, sheep, swine, and perhaps, some other domesticated animals, but it would be going quite too far to hold that dogs were intended. A criminal offense should not be created by an uncertain and doubtful construction of a Statute. If there be any doubt in the case, penal Statutes are to be so construed as not to multiply felonies, unless the construction be supported by express words or by a reasonable implication.—*Commonwealth vs. Macomber, 3 Mass.,* 254; *Myers vs. Foster, 6 Cow.,* 567. My opinion, therefore, is that the shooting a dog is not an indictable offense under the Statute referred to.

But if I am wrong in this opinion, there is still the fatal objection left, that no value was alleged or proved. Blackstone, in his 4 *Com.,* 236, says: "As to these animals which do not "serve for food, and which the law therefore, holds to have no "intrinsic value, as dogs of all sorts, and other creatures kept

" for whim and pleasure, though a man may have a bare prop-
" erty therein, and maintain a civil action for the loss of them,
" yet they are not of such estimation as that the crime of steal-
" ing them amounts to a larceny." It is equally necessary to
sustain this indictment, even admitting that it could be sus-
tained in any event, that the dog killed should have been
charged and proved of value.

It is true that Statutes, highly penal, have been enacted in
England against persons found guilty of stealing dogs. 10
*Geo. III., Chap.* 18. But their force has not reached this coun-
try ; and any criminal process here must depend upon our own
Statutes. The simple word or name of dog, then, not import-
ing value, and no value being alleged or proved, the verdict
cannot be sustained.

The last objection I consider equally fatal to the verdict.
The Jury must have understood the charge of the Court to be
that they might find the Defendant guilty upon the question
of malice, if they should find that he had malice, either against
the owner of the dog or the dog itself.

It is more than probable that this question was never before
raised ; except under a single English Statute authorizing a
conviction without proof of malice, cited in Russell on Crimes,
it has always been held necessary to prove malice against the
owner. I have not been able to find a single hint in the books,
that malice against the animal injured was ever offered in evi-
denc e.—*See Russell on Crimes, Book* 4, *Chap.* 43.

Exceptions sustained.