## STATE v. DONALD WAYNE SEARLES.

142 N. W. (2d) 748.

May 20, 1966—No. 40,092.

*Michael O. Burns,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, *Linus J. Hammond,* Assistant Attorney General, and *John S. Nyquist, Jr.,* County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

Defendant appeals from a judgment and sentence for the crime of burglary in the third degree and one prior conviction following a previous review of the validity of his conviction in State ex rel. Searles v. Tahash, 271 Minn. 304, 136 N. W. (2d) 70. Therein we affirmed his conviction but remanded the proceedings to the trial court for the specific purpose of granting him allocution at the time of sentencing.

When defendant, being indigent, appeared for resentencing, the court, aware of his previous claim of a denial of adequate and competent counsel, permitted defendant to choose new counsel, who was then appointed to represent him. Thereafter he appeared and by motion asked leave of the court to withdraw his former plea of guilty and enter a plea of not guilty. Permitted to support his motion by oral testimony, defendant re-

asserted grounds essentially included in those previously alleged and rejected in our prior review. The court denied the motion and ordered a presentence investigation, indicating that the motion would be reconsidered if the investigation revealed any basis therefor. Before defendant's next appearance, his counsel was sent a copy of the presentence investigation report for "study." When defendant finally came before the court and before sentence was imposed, his counsel made a comprehensive statement in his behalf and then the court inquired:

"The Court.   That concludes your statement?

"Mr. Burns.   Yes.

"The Court.   Is there anything you wish to add to what Mr. Burns said?

"Defendant.   No.

"The Court.   Are you satisfied with the explanation now made to the court?

"Defendant.   Yes.

"The Court.   Has he covered everything you discussed with him that you wanted him to state to the court?

"Defendant.   Yes."

A reexamination of the transcript upon arraignment and plea and an examination of the record on remand, including the presentence report, makes it clear that the court was fully justified in denying defendant leave to withdraw his plea. At the time of resentencing, 3 years had elapsed since defendant's conviction. While he now claims he is innocent of the charge and that he thought he was pleading to the lesser charge of breaking and entering, the presentence report discloses that he was being sentenced for his sixth felony offense and that, while imprisoned prior to his release for resentence, he admitted to prison authorities his guilt of the crime charged. Defendant was accorded representation beyond that required by the remand. Quite obviously, the court concluded that he was merely using the remand to reassert insubstantial and unsupported claims.[1]

---

[1] An examination of the prison record reveals that defendant, now aged 40, since adolescence has spent most of his time in some form of custody; that

Defendant's additional claim that he was improperly sentenced to a term of 10 years less time served is without merit. As a recital of the procedural history demonstrates, the remand left unaffected the adjudication of guilt of the crime charged and one prior conviction. By specific provision of Minn. St. 609.015, subd. 1, the sentence and application of the recidivist statute were governed by the laws in effect at the time the crime charged was committed.[2]

Affirmed.

all attempts to rehabilitate him by repeated parole have proved unsuccessful; and that he retains a hostile and suspicious attitude toward all who have sought to assist him, extending to the point of suspecting that his remand for resentencing was "merely an effort to keep him from the Federal courts" and further manifested by his declared intention to continue while incarcerated to make repeated attacks upon the validity of his conviction.

[2] Minn. St. 609.015, subd. 1, provides in part: "Crimes committed prior to the effective date of this chapter are not affected thereby."

The comment on this provision by Professor Maynard E. Pirsig, appearing in 40 M. S. A. p. 38, declares:

"The Criminal Code went into effect as of September 1st, 1963. * * *

*     *     *     *     *

"The extended term provisions, §§ 609.155 and 609.16, do not apply if the conviction is for a crime committed prior to September 1st, 1963."