## ROBERT LEE KNISLEY v. STATE.

172 N. W. (2d) 769.

November 28, 1969—No. 41519.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *Theodore R. Rix,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

SHERAN, JUSTICE.

Appeal from the denial of a postconviction petition for relief. The evidence was sufficient to justify the district court in refusing to vacate the plea of guilty, and nothing in the record compels the application of Minn. St. 609.155 to a crime committed prior to its effective date. Affirmed.

On June 12, 1963, appellant was arraigned before the district court on a charge of indecent assault contrary to Minn. St. 1961, § 617.08, to which he pled guilty. On October 23, 1963, appellant was examined by the district court. He stated that he showed a knife to his victim, and that some of her conduct was then voluntary and some was not. Pursuant to Minn. St. 1961, § 610.28, and on the basis of a conviction more than 10 years prior thereto, the district court sentenced appellant to an indeterminate term not exceeding 14 years, double the usual felony penalty under § 610.16. Sentence was stayed 3 years.

On June 17, 1965, a hearing was held upon the charge that appellant assaulted his wife and threatened to kill her. This resulted in the district court's vacating its prior stay of sentence, and the postconviction proceedings here in question followed.

1. Appellant contends that statements he made under examination by the court at the time his guilty plea was accepted negated the issue of consent, which is an essential element of indecent assault within § 617.08, and therefore the guilty plea should have been vacated. The applicable portion of § 617.08 reads as follows:

"Every person who shall take any indecent liberties with or on the person of any female * * * without her consent expressly given * * * shall be guilty of a felony."

There is no evidence of express consent in this case. The acts performed voluntarily by this female victim in appellant's car after being shown the knife would not constitute consent within § 617.08.

In Chapman v. State, 282 Minn. 13, 162 N. W. (2d) 698, we made reference to the standards relating to pleas of guilty proposed by the American Bar Association Project on Minimum Standards for Criminal Justice. The general import of these standards is that guilty pleas are to be vacated whenever necessary to correct a manifest injustice. None of the illustrative factual situations enumerated in the Chapman case is present here,

and we find no injustice in the district court's refusal to vacate the guilty plea.

2. Appellant also contends that the trial court erred in sentencing him under Minn. St. 1961, § 610.28. Appellant urges that Minn. St. 609.155, subd. 4, which became effective September 1, 1963, should have been applied to prevent doubling of his sentence. To so hold, we would have to overrule State v. Searles, 274 Minn. 199, 142 N. W. (2d) 748, in which we refused to apply the 1963 Criminal Code to crimes committed before its effective date, as well as the following language of Minn. St. 609.015, subd. 1:

"* * * Crimes committed prior to the effective date of this chapter are not affected thereby."

Nothing in this record would justify rejection of the Searles case.

Affirmed.