**Richmond**

JOHN EARL HICKMAN

v.

COMMONWEALTH OF VIRGINIA

No. 0576-89-2

Decided December 4, 1990

COUNSEL

Christopher J. Collins, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General; David A. Rosenberg, Assistant Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—In this appeal we hold that one who assists another in the illegal possession and consumption of a lethal dose of a controlled substance may be convicted of murder under the felony murder doctrine. Code § 18.2-33.

Appellant, John Earl Hickman, was convicted of second degree murder of Westley Beals. On appeal, he contends (1) that the evidence was insufficient to support his conviction of felony murder, (2) that he could not be found guilty of felony murder resulting from a death due to drug ingestion where he did not distribute the drug or inject the victim, but merely assisted the victim in preparing the drugs for ingestion, (3) that the trial court erroneously instructed the jury, and (4) that the trial court erred in denying his motion to strike the evidence. We consolidate questions one, two and four into a single inquiry. Finding no error, we affirm.

■ "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The appellant and Westley Beals, his cousin and good friend, took a large amount of cocaine from a garage in Petersburg and went out in Beals' truck to consume some of it. The appellant put cocaine on a small red mirror. Beals took the cocaine and injected himself. After doing this three or four times, Beals suddenly went into convulsions and lost consciousness. The appellant slid Beals over to the passenger side of the truck and drove to the home of their friend, David Smalley, Jr. Smalley checked Beals for a pulse and determined that he was dead. After spending some time at Smalley's home, the appellant asked Smalley to follow him to a nearby dirt road. There, the appellant slid Beals' body behind the steering wheel of the truck and removed a pouch of cocaine and a .44 caliber pistol from the glove compartment. He took some cocaine from his coat pocket and put it and a needle on the mirror and set the mirror on the dash. Appellant and Smalley left the truck and agreed to keep secret what had happened. Appellant gave Smalley $60 and a rock of cocaine.

The medical examiner testified that the cause of Beals' death was acute cocaine poisoning due to acute and chronic drug use. She testified that the "fatal dosage of cocaine" was ingested "shortly, at least several minutes" prior to his death.

Code § 18.2-33 provides:

The killing of one accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act other than those specified in §§ 18.2-31 and 18.2-32, is murder of the second degree and is punishable as a Class 3 felony.

■■■ Where a person engages in felonious activity and homicide results, the malice inherent in the original felony provides the malice necessary to a finding that the homicide was murder. All criminal participants in the initial felony may be found guilty of the felony-murder "so long as the homicide was within the *res gestae* of the initial felony." *Wooden v. Commonwealth*, 222 Va. 758, 762, 284 S.E.2d 811, 814 (1981); *Haskell v. Commonwealth*, 218 Va. 1033, 1043, 243 S.E.2d 477, 483 (1978). "Neither premeditation nor an intent to kill is an element of felony-murder, but malice is." *Wooden*, 222 Va. at 762, 284 S.E.2d at 814; *Spain v. Commonwealth*, 7 Va. App. 385, 396, 373 S.E.2d 728, 733 (1988). "[W]hen the homicide is within the *res gestae* of the ini-

tial felony and emanates therefrom, it is committed in the perpetration of that felony." *King v. Commonwealth*, 6 Va. App. 351, 355, 368 S.E.2d 704, 706 (1988); *Haskell*, 218 Va. at 1041, 243 S.E.2d at 482; *Heacock v. Commonwealth*, 228 Va. 397, 405, 323 S.E.2d 90, 94 (1984).

Appellant argues that the evidence did not show that he distributed cocaine to Beals or that he administered the fatal injection. He says that he committed no felony which caused the death of Beals. Therefore, he argues, the felony-murder doctrine has no application to this case. We disagree. The appellant participated as a principal in the first degree, jointly with Beals, in the felonious act of knowingly and intentionally possessing cocaine and participated as a principal in the second degree in Beals' possessory act of ingestion of cocaine. Beals' death resulted from that conduct.

In *Heacock*, the Supreme Court upheld the felony-murder conviction of one who supplied cocaine for a "drug party" and mixed it in a spoon preparatory to what proved to be a fatal injection administered by someone else. The Court said:

[The defendant] argues that the evidence fails to show that he administered the fatal injection. This argument overlooks Dryden's testimony that Heacock and Chaplin jointly prepared the narcotic mixture in a spoon, the essential first step in the process of administration by syringe. Hence, it is immaterial that Chaplin may have inserted the needle or that Wilson may have injected herself. The defendant was a principal in the second degree and, as such, criminally responsible for the consequences of his conduct "as if a principal in the first degree."

228 Va. at 403, 323 S.E.2d at 94.

The evidence proved that appellant was guilty as a principal in the first degree of the knowing and intentional possession of cocaine, jointly with Beals, and that he was guilty as a principal in the second degree of Beals' possession and possessory ingestion of that cocaine. A principal in the second degree is one not the perpetrator, but present, aiding and abetting, by helping in some way in the commission of the crime. *Ramsey v. Commonwealth*, 2 Va. App. 265, 269, 343 S.E.2d 465, 467 (1986). Here, the evidence established that appellant aided and abetted Beals by jointly pro-

curing the cocaine and by preparing it for Beals' consumption. Appellant's participation went well beyond mere presence at the scene of a crime. That evidence fully supports the appellant's conviction under the felony-murder doctrine, Code § 18.2-33, for Beals' resulting death.

Appellant contends that the trial court erred in granting Instruction No. 4.[1] He says that this instruction told the jury that if the appellant was present, cocaine was present, and the appellant in any way encouraged or helped the decedent, then he was guilty of felony-murder. However, the instruction said more. It required the jury, before finding the appellant guilty, to find that he had committed the felonies of cocaine distribution or possession and that these acts caused the death of Westley Beals. The instruction was a correct and appropriate statement of the law.

> The . . . imputation of malice is implicit in § 18.2-33 which contemplates an accidental killing; the commission of *any* felonious act (other than those expressly excepted) during the prosecution of which a death occurs supplies the malice which raises the incidental homicide to the level of second-degree murder. This statute codifies ancient common law.

*Heacock*, 228 Va. at 403, 233 S.E.2d at 93.

---

[1] INSTRUCTION NO. 4

The defendant is charged with the crime of second degree felony homicide. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

1. That Westley Stuart Beals was killed; and

2. That this death was accidental or contrary to the intention of the defendant; and

3. That the defendant was then committing the felonies of distribution of cocaine or possession of cocaine as a principal in the second degree which caused the death of Westley Beals.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty and fix his punishment at a specific term of imprisonment, but not less than five (5) years nor more than twenty (20) years.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the offense, then you shall find the defendant not guilty of second degree felony homicide.

Appellant tendered an instruction[2] which was refused. This instruction, which was based on the holding in *Heacock*, was correct, but set forth nothing not contained in other proper instructions already given. It was not error to refuse it.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Cole, J., concurred.

---

[2] INSTRUCTION NO.

If death results from the ingestion of a controlled substance, classified in law as dangerous to human life, the homicide is second degree felony-murder if the controlled substance has been distributed to the decedent in violation of the felony statutes of the Commonwealth.