STATE of Minnesota, Appellant,

v.

Calvin E. BROWN, Respondent
(C4–92–122),

Maurice Linn Hoyt, Respondent
(C6–91–123).

Nos. C4–92–122, C6–92–123.

Court of Appeals of Minnesota.

June 30, 1992.

Hubert H. Humphrey, III, Atty. Gen., Catherine Avina, Asst. Atty. Gen., St. Paul, for appellant.

Brian F. Beattie, David Richter, Council Bluffs, Iowa, for respondents.

Considered and decided by SCHUMACHER, P.J., SHORT and FOLEY,* JJ.

## OPINION

SHORT, Judge.

Calvin E. Brown and Maurice Linn Hoyt were charged with three counts of felony transportation of unstamped gambling products and one count of conspiring to

* Retired judge of the court of appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

transport unstamped gambling products in violation of Minn.Stat. § 349.2127, subd. 4 (1990). Because the products were shipped into Minnesota from Iowa, the trial court concluded the interstate commerce exception contained in that statute applied. The trial court dismissed all charges. On appeal, the state argues the statute does not exclude interstate shipments destined for locations in Minnesota. We reverse and reinstate the complaints.

## FACTS

Brown is the owner and president of an Iowa corporation which distributes gambling equipment. Hoyt is Brown's sales assistant. In March of 1986, the Minnesota Department of Revenue discovered Brown's company was sending brochures describing gambling equipment to Minnesota establishments. The department contacted Brown, advised him of Minnesota's law requiring distributors to be licensed, and invited Brown to apply for a license under Minn.Stat. § 349.162 (1990). Brown did not apply for a license and his company is an unlicensed distributor of gambling equipment.

In November of 1989, the state of Iowa executed a search warrant at the company's offices in Red Oak, Iowa. Agents recovered documents which demonstrated the company had been shipping gambling products directly to customers in Minnesota. The agents contacted the Minneapolis Police Department, which began an undercover investigation of Brown's company. As part of the investigation, a Minneapolis officer made three separate telephone calls to order gambling products from Brown's company. The company sent all ordered equipment by mail, except an order the undercover officer personally picked up in Iowa. None of the equipment bore the required registration stamp. Brown admitted to the undercover officer that he knew it was illegal to traffic unstamped gambling equipment in Minnesota. To avoid detection and potential seizure, Brown refused to ship the equipment to Minnesota in a company truck. Pursuant to a lawful search warrant, a Minneapolis officer seized shipping documents, including invoices and UPS documents, showing sales of unstamped tipboards and pull-tabs to customers in Minnesota.

## ISSUES

I. Does Minn.Stat. § 349.2127, subd. 4, which prohibits the transportation of unstamped gambling equipment into Minnesota except in the course of interstate commerce, exempt interstate shipments destined for locations in Minnesota?

II. Is the criminal statute void for vagueness?

## ANALYSIS

The construction of a statute is a question of law for the court, and is subject to *de novo* review on appeal. *State v. Moore*, 431 N.W.2d 565, 567 (Minn.App. 1988). The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16 (1990). Where the language of a statute is ambiguous, we determine the probable legislative intent and give the statute a construction consistent with that intent. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). However, penal statutes must be strictly construed. *See United States v. Gideon*, 1 Minn. 292, 296 (Gil. 226) (1856). A criminal statute must (a) define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and (b) establish adequate guidelines to govern law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985).

### I.

The gambling industry in Minnesota is highly regulated to prevent its commercialization and to ensure that profits generated from gambling are used for lawful purposes. Minn.Stat. § 349.11 (1990). Accordingly, manufacturers, distributors and all establishments using gambling equipment must be licensed. Minn.Stat. §§ 349.-

161 and 349.163 (1990). In addition, the legislature has mandated that the gambling equipment itself must be registered and have a registration stamp affixed to it. Minn.Stat. § 349.162 (1990). Unstamped gambling equipment is contraband in Minnesota. Minn.Stat. § 349.2125, subd. 1 (1990).

> Minn.Stat. § 349.2127, subd. 4 provides: A person is guilty of a gross misdemeanor who *transports into* or receives, carries, or moves from place to place in *this state*, any deals of pull-tabs or tipboards not stamped in accordance with this chapter *except in the course of interstate commerce*. A person is guilty of a felony who violates this subdivision with respect to more than ten pull-tab or tipboard deals, or a combination of more than ten deals of pull-tabs and tipboards.

(Emphasis added.) Brown and Hoyt argue, and the trial court concluded, this provision clearly exempts shipments of unstamped gambling equipment whose final destination in the stream of commerce is Minnesota. We disagree.

The statutory language itself does not support that interpretation. Subdivision 4 clearly prohibits transportation of unstamped gambling equipment into Minnesota. Minn.Stat. § 349.2127, subd. 4. Because the legislature did not define the phrase "in the course of interstate commerce," it is the exception to the described offense that is in question.

Every law shall be construed, if possible, to give effect to all its provisions. Minn. Stat. § 645.16 (1990). Reading Minn.Stat. § 349.2127, subd. 4 to except interstate shipments destined for locations in Minnesota would render the phrase "transports into" ineffective because any gambling equipment transported into Minnesota would also be an interstate shipment. In addition, Brown's interpretation of "interstate commerce" is inconsistent with the use of that phrase in another part of the same statute.

> Unregistered gambling equipment and unaffixed registration stamps found at any location in Minnesota other than a registered sales or storage facility are

contraband under section 349.2125. This paragraph does not apply to unregistered gambling equipment being transported *in interstate commerce between locations outside this state*, if the interstate shipment is verified by a bill of lading or other valid shipping document.

Minn.Stat. § 349.162, subd. 5(c) (1990) (emphasis added). Laws passed *in pari materia* must be construed with reference to each other. We therefore hold section 349.2127, subd. 4 exempts shipments of unstamped equipment that merely pass through Minnesota. Interstate shipments of unstamped equipment coming into Minnesota as the state of final destination are illegal.

## II.

We must next determine whether the alleged ambiguity involving the exception contained in Minn.Stat. § 349.2127, subd. 4 renders that criminal statute void for vagueness.

> Although the [void for vagueness] doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect * * * "is ... the requirement that a legislature establish minimal guidelines to govern law enforcement."

*Kolender,* 461 U.S. at 357–58, 103 S.Ct. at 1858 (quoting *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974)). Brown and Hoyt do not claim the statute in question invites arbitrary enforcement. However, they argue a person of average intelligence would believe all interstate shipments of unregistered gambling equipment, even those with a final destination in Minnesota, are exempt. We disagree. It is well settled that a criminal statute, if it can be made constitutionally definite by a reasonable construction, must be given that construction. *United States v. Harriss,* 347 U.S. 612, 618, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).

Reading Minn.Stat. § 349.2127 as a whole, we construe the exception for transportation in interstate commerce to allow traffic in unregistered gambling products

between places lying in different states outside of Minnesota. While the legislature might have removed the slightest possibility of confusion by including a definition for that exception, its failure to do so does not render section 349.2127 constitutionally infirm. Brown admitted he knew transportation of unstamped gambling equipment into Minnesota was illegal. Brown's understanding is consistent with our expectation of an average citizen's reading of the statute. Thus, we think a person of average intelligence understands the statute prohibits transportation of unstamped gambling equipment to a destination within the state boundaries. Because the phrase at issue is subject to a reasonable construction, and because the statute as a whole establishes adequate guidelines to govern law enforcement, we conclude Minn.Stat. § 349.2127, subd. 4 satisfies due process requirements and is not void for vagueness under either the federal or the state constitutions.

## DECISION

Minn.Stat. § 349.2127, subd. 4 prohibits the transportation of unstamped gambling equipment whose final destination is Minnesota. The exception to that statute for interstate commerce is not so vague as to render the statute constitutionally infirm. The statute defines the offense for which the criminal penalty attaches with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. The trial court is therefore reversed and the complaints against Brown and Hoyt are reinstated.

Reversed.