Gary A. **MILLER**, Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. C6–94–1292.

Supreme Court of Minnesota.

May 12, 1995.

---

## OPINION

GARDEBRING, Justice.

In June 1991, appellant was convicted of three counts of first-degree murder and sentenced to three consecutive life terms in prison, pursuant to Minn.Stat. § 609.185(1) (1990). Appellant's direct appeal to this court included a claim that the evidence was insufficient as a matter of law to support the convictions. As part of that claim, he argued that the state's failure to conduct DNA testing of hair found in the hand of one of his victims foreclosed evidence which might have pointed to another assailant. This court affirmed the conviction and sentence in all respects. *State v. Miller,* 488 N.W.2d 235 (Minn.1992). A summary of the facts underlying the conviction can be found in that opinion.

In September 1993, appellant filed a document in district court entitled "Ex Parte Application for Financial Assistance of Testing D.N.A. Evidence." Treating it as a request for post-conviction relief under Minn. Stat. § 590.01, subd. 1 (1992), the postconviction court denied the relief sought, noting that the state fully complied with discovery requirements relative to the disputed hair evidence, that there was no defense request for testing of the hair at the time of trial and that the failure to conduct the DNA testing was not treated as a separate issue on appeal. On appeal, appellant argues that the state did not disclose evidence of the hair and that he was denied an opportunity to have DNA tests conducted on the evidence.[1]

■ An appellate court reviews a postconviction proceeding only to determine whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *State v. Rainer,* 502 N.W.2d 784, 787 (Minn.1993);

Gary A. Miller, Oak Park Heights, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., Linda M. Freyer, Asst. County Atty., Minneapolis, for respondent.

---

1. Appellant originally filed his appeal of the denial of postconviction review with the court of appeals. However, this court has appellate jurisdiction over postconviction relief in cases involving first-degree murder, pursuant to Minn.Stat. § 590.06 (1992). Accordingly, the matter was transferred to this court. Although appellant raises the jurisdictional argument again in his brief, our authority in this matter is clear and, therefore, we will deal with the issue no further.

*Scruggs v. State,* 484 N.W.2d 21, 25 (Minn. 1992). We have allowed postconviction relief in instances where there is newly discovered evidence that was unavailable at the time of trial. *Thompson v. State,* 384 N.W.2d 461 (Minn.1986). Furthermore, "[w]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Dent v. State,* 441 N.W.2d 497, 499 (Minn. 1989) (citing *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)).

In the present case, the record indicates that at both the trial and appellate level appellant's counsel had access to the evidence and could have requested or raised the issue of DNA testing. The cross-examination of the medical examiner in the trial record shows that defense counsel was apprised of the hair evidence and had reviewed the autopsy reports which appellant now contends were not made available. Despite having knowledge of the evidence, defense counsel made no request for DNA testing. Overall, there is no indication in the record to support appellant's assertions that the prosecution "hid this pivotal [hair] evidence from the Defense" or that appellant was wrongfully denied an opportunity to have DNA tests performed on the evidence at trial.

Further, when appellant's case was on direct appeal to this court his counsel submitted a brief which clearly indicated knowledge of the evidence and knowledge that the evidence had not been submitted for DNA testing. Appellant's claim for postconviction relief does not meet the standards set out in Minn.Stat. §§ 590.01–06 and in our previous cases, and his request for relief is denied.

We affirm the decision of the postconviction court.