**STATE of Minnesota, Respondent,**

v.

**Kennedy GISEGE, Appellant.**

**No. C2–97–1773.**

Supreme Court of Minnesota.

July 30, 1998.

Maureen Williams, Minneapolis, for Appellant.

Hubert H. Humphrey, III, Minnesota Attorney General, Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, for Respondent.

## OPINION

GARDEBRING, Justice.

Appellant Kennedy Gisege was convicted of first-degree murder and first-degree assault on December 9, 1995, after trial before a Hennepin County jury and sentenced to life imprisonment pursuant to Minn.Stat. § 609.185(1) (1996). On direct appeal, this court affirmed his convictions. *See State v. Gisege*, 561 N.W.2d 152, 160 (Minn.1997). A recitation of the facts underlying appellant's conviction can be found in that opinion; therefore, we do not reiterate them here.

In April 1997, appellant filed a motion in district court seeking independent DNA retesting of blood evidence used in the state's case against him. The district court treated the motion as a petition for postconviction relief brought pursuant to Minn.Stat. § 590.01, subd. 1 (1996). After a hearing on the motion, the district court denied the relief sought.

On appeal, appellant argues that relief should be granted on the grounds that if independent DNA testing yielded conclusive evidence of his innocence, he would be entitled to a new trial. Because the record indicates that the issue of independent DNA testing was known at the time of trial but was not raised then, we affirm the postconviction court's order.

The statutory basis for a claim for postconviction relief is found in Minn.Stat. chapter 590 (1996). Section 590.01 provides, in part:

> Except at a time when direct appellate relief is available,[1] a person convicted of a crime, who claims that the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state, may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to * * * grant a new trial or * * * make other disposition as may be appropriate.

*Id.* at subd. 1.

On review of a postconviction proceeding, this court's role is limited to determining whether there is sufficient evidence to sustain the findings of the postconviction court. *Robinson v. State*, 567 N.W.2d 491, 494 (Minn.1997). A postconviction court's decision will not be disturbed absent an abuse of discretion. *Id.* Where a direct appeal has been taken already, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Miller v. State*, 531 N.W.2d 491, 493 (Minn.1995) (citations omitted).

This court has allowed postconviction relief in instances where there is newly discovered evidence that was unavailable at the time of trial. *Miller*, 531 N.W.2d at 493. Such newly discovered evidence must be of a nature that "could not have been discovered through the exercise of due diligence before the trial; that at the time of the trial the evidence was not within petitioner's or his counsel's knowl-

---

1. Since Gisege had already appealed his conviction, direct appeal was no longer available. *See* *Gisege*, 561 N.W.2d 152.

edge; that the evidence is not impeaching, cumulative, or doubtful; and that it would probably produce a result different from or more favorable than that which actually occurred." *State v. Caldwell*, 322 N.W.2d 574, 588 (Minn.1982).

In the present case, the record indicates that the trial counsel was aware prior to the time of trial of the blood evidence offered by the state and could have requested independent testing. Defense counsel requested and received a later trial date in order to facilitate independent testing; however, no further action was taken to independently test the blood evidence. Further, appellant admitted at trial that the homicide victim's blood was found on his shorts, explaining that he had picked up the injured victim. On direct appeal, the appellate attorney did not raise the issue of DNA testing. Now, appellant urges the court to allow him to raise the issue of independent DNA testing for the first time in a postconviction proceeding.

We are persuaded that this court's recent decision in *Miller* controls the outcome in this case. 531 N.W.2d at 493. In *Miller*, the appellant filed a similar document after his appeal failed, requesting "Financial Assistance of Testing D.N.A. Evidence." *Id.* at 492. The postconviction court denied the relief and we affirmed, citing evidence in the record that both the trial and appellate counsel "had access to the evidence and could have requested or raised the issue of DNA testing." *Id.* at 493. Because the issue raised in the postconviction petition was known at the time of trial and direct appeal but not raised, we held that the issue was foreclosed and affirmed the denial. *Id.*

In this case as well, the state's DNA evidence was known at the time of trial and the question of independent DNA testing was not raised either at the time of trial or on direct appeal. Appellant's claim for postconviction relief does not meet the standards set forth in Minn.Stat. §§ 590.01–06 and in our previous cases. His request for relief is denied.

Affirmed.