*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0983**

State of Minnesota,
Respondent,

vs.

Robert Patrick Butters,
Appellant.

**Filed February 17, 2015
Affirmed
Larkin, Judge**

Ramsey County District Court
File No. 62-CR-13-8142

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction of financial transaction card fraud, arguing that his guilty plea lacks a sufficient factual basis to ensure its accuracy, the plea is invalid, and plea withdrawal is necessary to correct a manifest injustice. We affirm.

**FACTS**

In October 2013, the state charged appellant Robert Patrick Butters with financial transaction card fraud. The complaint alleged that Butters attempted to purchase gasoline with a credit card belonging to a woman named K.H. Butters pleaded guilty to the charge.

At the plea hearing, the district court asked Butters if he was pleading guilty because he was guilty, and Butters responded, "Yes, I am." When asked for his plea to the state's charge, Butters stated, "Guilty as charged." When his defense attorney asked if he was pleading guilty because he was guilty, Butters stated, "Guilty beyond a reasonable doubt." Next, the prosecutor examined Butters regarding the underlying facts.

Butters stated that prior to the offense, he rode in a vehicle driven by A.D. to a gas station and that he filled the vehicle with gasoline. Butters tried to pay for the gas with a credit card that A.D. had handed him. Butters stated that he did not look at the name on the card or know to whom the card belonged. But Butters admitted that the card did not belong to him or to A.D., and he agreed that K.H.'s name was on the card. Butters stated that he did not know how A.D. got the card from K.H. The prosecutor asked, "Certainly [K.H.], since you didn't know her, didn't give you permission to use her credit card to

pay for gasoline; did she?" Butters responded, "No." The prosecutor also asked, "Prior to [attempting to use the credit card], had you tried to use a check drawn on [K.H.'s] account to pay for the same gasoline?" Butters answered, "Yes, I did." Later, Butters repeated that he was pleading guilty because he was guilty. He also admitted that he committed the offense as part of a pattern of criminal conduct.

The district court accepted Butters's plea, adjudicated him guilty, and sentenced him to prison based on his status as a career offender. Butters appeals, arguing that his plea was not accurate.

## D E C I S I O N

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). But a defendant "may withdraw a guilty plea after sentencing 'upon a timely motion and proof to the satisfaction of the court that withdrawal of the plea is necessary to correct a manifest injustice.'" *State v. Ecker*, 524 N.W.2d 712, 715-16 (Minn. 1994). A "manifest injustice" exists if a guilty plea is not valid. *Theis*, 742 N.W.2d at 646.

To be valid, a guilty plea must be "accurate, voluntary and intelligent." *Ecker*, 524 N.W.2d at 716. "A proper factual basis must be established for a guilty plea to be accurate." *Theis*, 742 N.W.2d at 647 (quotation omitted). "The factual basis must establish sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotations omitted). "Although there are various ways to present the factual basis for a guilty plea, all of them contemplate the disclosure on the record of

3

the specific facts that would establish the elements of the crime to which the defendant is pleading guilty." *State v. Misquadace*, 629 N.W.2d 487, 491-92 (Minn. App. 2001), *aff'd*, 644 N.W.2d 65 (Minn. 2002).

"A defendant bears the burden of showing his plea was invalid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). The validity of a plea is a question of law that we review de novo. *Id.* An appellate court will reject a guilty plea if it concludes that the district court "could not fairly have concluded that the defendant's plea was accurate." *State v. Warren*, 419 N.W.2d 795, 798 (Minn. 1988).

The state charged Butters with financial transaction card fraud under Minn. Stat. § 609.821, subd. 2(1) (2012). A person commits financial transaction card fraud if he, "without the consent of the cardholder, and knowing that the cardholder has not given consent, uses or attempts to use a card to obtain the property of another." *Id.* Butters argues that his plea was not accurate because the record does not establish that he knew that he did not have K.H.'s consent to use her credit card at the time of its attempted use. He emphasizes that he did not look at the card prior to using it and that he did not know whose card it was or how A.D. obtained it. Therefore, he argues, "It is entirely plausible that [he] believed that the card rightfully belonged to [A.D.]"

We acknowledge that Butters's plea colloquy could have been more specific regarding his knowledge of K.H.'s lack of consent, but we do not conclude that the factual basis is inadequate or that a manifest injustice exists. Butters's admissions that the credit card did not belong to him or to A.D., that K.H.'s name was on the card, that he did not know K.H., that K.H. did not give him permission to use the card, and that he

4

attempted to use a check drawn on K.H.'s account to pay for the gasoline before using her credit card provide sufficient facts from which to infer that Butters knew he did not have permission to use the card.  *See State v. Neumann*, 262 N.W.2d 426, 430 (Minn. 1978) ("It is well established that before a plea of guilty can be accepted, the [district court] must make certain that facts exist from which the defendant's guilt of the crime charged can be reasonably inferred."), *abrogated on other grounds by State v. Moore*, 481 N.W.2d 355 (Minn. 1992); *Smith v. State*, 596 N.W.2d 661, 665 (Minn. App. 1999) (concluding that a manifest injustice did not exist where the defendant's testimony was "sufficient to infer [his] guilt").  Moreover, Butters stated four times that he was guilty, and he also admitted that the offense was part of a pattern of criminal conduct.

We are satisfied that the district court could fairly conclude that Butters's guilty plea was accurate.  The plea is therefore valid, and there is not a manifest injustice necessitating plea withdrawal.

**Affirmed.**