**Stephen A. HODGSON, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C6–95–797.**

Supreme Court of Minnesota.

Dec. 15, 1995.

Stephen A. Hodgson, Stillwater, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Paul R. Scoggin, Asst. County Atty., Minneapolis, for respondent.

## OPINION

STRINGER, Justice.

This appeal arises from an order of the Hennepin County District Court denying, without holding an evidentiary hearing, the petition of appellant Stephen A. Hodgson for postconviction relief. Appellant was convicted of two counts of premeditated first-degree murder in the stabbing deaths of Aaron and Raymond Rice at their home in Brooklyn Center, Minnesota, and was sentenced to two consecutive terms of life in prison. This court affirmed appellant's conviction on direct appeal. *State v. Hodgson,* 512 N.W.2d 95 (Minn.1994). A summary of the facts underlying the conviction can be found in that opinion. Appellant subsequently filed a *pro se* petition for postconviction relief, alleging newly discovered evidence of withheld discovery, intentional altering of exhibits, and ineffective assistance of counsel at the trial and appellate court levels. The district court

denied relief to appellant, concluding that appellant failed to show material facts in dispute. We affirm.

■ An appellate court "reviews a postconviction proceeding only to determine whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion." *Scruggs v. State*, 484 N.W.2d 21, 25 (Minn. 1992). We have held that an evidentiary hearing is "not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990). The petitioner's allegations must be "more than argumentative assertions without factual support." *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971).

■ An evidentiary hearing is required whenever material facts are in dispute that have not been resolved in the proceedings resulting in conviction and that must be resolved in order to determine the issues raised on the merits. *State ex rel. Roy v. Tahash*, 277 Minn. 238, 244, 152 N.W.2d 301, 305 (1967). A new trial based on newly discovered evidence will be granted only where appellant establishes: (1) that the newly discovered evidence was not within petitioner's or his counsel's knowledge before trial; (2) that the evidence could not have been discovered through due diligence before trial; (3) that the evidence is not cumulative, impeaching, or doubtful; and (4) that the evidence would probably produce a different or more favorable result. *Wieland v. State*, 457 N.W.2d 712, 714 (1990). Courts will not grant postconviction relief where the record indicates that the claimed errors were known at trial and at the time of the direct appeal of the conviction, but were not raised. *Miller v. State*, 531 N.W.2d 491, 492 (Minn.1995).

■ Appellant alleges that he gained access to the files of his trial counsel after he had submitted his *pro se* supplemental brief in the direct appeal and, upon reviewing trial counsel's files, claims to have discovered new evidence of withheld discovery by the state. Appellant asserts that the state withheld large portions of the Minnesota Bureau of Criminal Apprehension file, withheld examination results of pants that appellant allegedly wore during the murders, and withheld the witness statement of a telephone repairman who arrived at the victims' residence after the murders were discovered. Appellant's claims do not support his allegations of withheld discovery. All of appellant's claims concerning withheld discovery were known at the time of trial and at the time of direct appeal, but were not raised. None of appellant's claims is so novel that the legal basis was not reasonably available to his counsel at the time of direct appeal, nor has appellant presented facts to indicate that fairness requires that his claims known but not raised at the time of direct appeal should be considered in a subsequent postconviction proceeding. *See Roby v. State*, 531 N.W.2d 482, 484 (Minn.1995).

■ Appellant also claims to have discovered new indications of intentional fabrication of evidence by the state. For example, appellant contends that the state altered a watch pin found at the murder scene linking him to the murders; appellant asserts that the state altered the sweatshirt that he allegedly wore during the murders, placing saliva on it after it was in police custody to strengthen the state's theory that one of the victims bit appellant during the combat preceding the murders; and appellant offers purportedly new evidence concerning a bite mark found on his arm which the state theorized occurred during the murders. Appellant's claims concerning altered evidence and other newly discovered evidence again constitute claims that were known at trial and at the time of the direct appeal of the conviction. Trial counsel raised doubts about the watch pin evidence and the presence of saliva on the sweatshirt in closing arguments and, on direct appeal, appellate counsel raised these issues indirectly when he questioned the admission of expert witness testimony concerning the watch pin, the presence of saliva on the sweatshirt, and bite-mark analysis. Appellant's theories about the altered evidence are nothing more than speculation, are not supported by the purported scientific evidence he submits, and consequently, appellant has not met his burden in establish-

ing the facts alleged by a fair preponderance of the evidence. Minn.Stat. § 590.04, subd. 3 (1994).

Several other allegations are made regarding state misconduct, lying to witnesses to obtain search warrants, withholding exculpatory evidence to obtain the grand jury indictment, and perjured testimony. None of these claims has merit.

Next, appellant claims ineffective assistance of counsel at the trial and appellate court levels. A new trial on the ground of ineffective assistance of counsel will only be granted where it is demonstrated that counsel's representation fell below "an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Scruggs*, 484 N.W.2d at 25 (citations omitted). There is a strong presumption that a counsel's performance falls within the wide range of "reasonable professional assistance." *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986).

The issue of ineffective assistance of trial counsel was raised in appellant's *pro se* supplemental brief on direct appeal, and we rejected the claim. *Hodgson*, 512 N.W.2d at 99. Appellant now claims that he did not have access to case files maintained by trial counsel at the time he first raised the issue on direct appeal. He claims that the files contain documents that purportedly "show that trial counsel totally ignored and might very well have suppressed" vital evidence. Trial counsel's alleged errors include failure to present to the jury evidence that someone else committed the murders, failure to investigate leads that would have produced exculpatory evidence, and failure to conduct independent tests of the evidence. Appellant's contentions of inadequate representation largely rest on unsupported assertions of withheld discovery and altered evidence, however, and relate to matters of trial strategy, not errors in professional performance. We conclude that there was sufficient evidence to support the determination of the district court that trial counsel's performance was professionally reasonable. *See Jones*, 392 N.W.2d at 236.

Appellant also asserts a claim of ineffective assistance of counsel at the appellate court level, arguing that appellate counsel's refusal to assist him in obtaining trial counsel's files materially prejudiced his claims on direct appeal. He asserts that had he been allowed to develop certain facts—for example, that the state intentionally altered evidence, that the state's investigator committed numerous acts of perjury, and that the state withheld discovery—his claim of insufficient evidence to support the conviction on direct appeal would have been strengthened. As with his other contentions, appellant's claims of prosecutorial mischief are wholly unsubstantiated. Appellant therefore has failed to make the requisite showing justifying postconviction relief based on ineffective assistance of appellate counsel.

Affirmed.