Spencer ROBINSON, Petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C8–96–2044.

Supreme Court of Minnesota.

Aug. 7, 1997.

Rehearing Denied Sept. 5, 1997.

Spencer Robinson, Stillwater, pro se.

Hubert H. Humphrey, III, St. Paul, Michael Richardson, Asst. Hennepin County Atty., Minneapolis, for respondent.

## OPINION

GARDEBRING, Justice.

Spencer Robinson was convicted of first-degree murder in the September 16, 1993 shooting death of Karl Boswell in Minneapolis. He appealed his conviction to this court, which affirmed. *State v. Robinson,* 536 N.W.2d 1 (Minn.1995). Because the facts of the offense are detailed in our opinion on his direct appeal, we do not reiterate them here.

Robinson brings this petition for postconviction relief, alleging he was denied the effective assistance of counsel by numerous errors on the part of both his trial and his appellate counsel. The postconviction court denied all of Robinson's claims, and we affirm.

In his petition for postconviction relief, Robinson alleged that he was denied the effective assistance of counsel because his trial attorney failed to: (1) investigate; (2) prepare for trial; (3) present a defense, i.e., he did not present any witnesses; (4) object to improper jury instructions; (5) challenge the indictment on the grounds that a grand juror was familiar with the victim; (6) move to suppress police interviews; and (7) challenge a petit juror who was familiar with the investigating officer. Robinson also alleged his trial attorney was ineffective because he failed to communicate two plea offers. Finally, Robinson alleged his appellate attorney was ineffective because on appeal, she failed to raise the issue of whether there should have been a jury instruction on a lesser included offense.

The postconviction court dismissed Robinson's petition without an evidentiary hearing.

After closely examining Robinson's claims, the court concluded that Robinson had failed to make any factual allegations, which, if proven, would have entitled him to relief on any of his claims. Specifically, the court concluded that Robinson had alleged neither what investigation and preparation should have been done or what witnesses should have been called, nor what difference any of those actions would have made. As to the improper jury instructions, the court noted that this issue was considered and rejected by this court in Robinson's direct appeal. On the issue of grand jury bias, the court noted that while the grand jury transcript revealed that two grand jurors had a slight familiarity with the victim, both indicated that they were able to remain impartial, and Robinson had not made any factual allegation to refute that testimony. On the issue of the failure to move to suppress, the court observed that Robinson in his petition failed to allege what statements should have been suppressed, and noted that Robinson's trial counsel did in fact move to suppress one statement. Finally, on the plea-offer issue, the court concluded that Robinson had provided insufficient factual allegations to support the claim.

On June 19, 1996, Robinson filed an amended petition for postconviction relief in which he restated, with more specificity, his claim that his trial counsel had failed to communicate two plea offers. The postconviction court granted a hearing on this issue only, which was held on September 9, 1996. After hearing the evidence, the court concluded that Robinson's trial counsel had in fact communicated the plea offers and dismissed the petition.

In this appeal, Robinson reasserts all the claims raised in his petition and amended petition, and alleges new facts in support of his claim that his trial counsel failed to investigate. In particular, he claims his attorney failed to: (1) hire an expert or question the medical examiner regarding powder burns on the victim's hands; (2) contact Robinson's co-defendant, who would have corroborated Robinson's version that the shooting occurred during a struggle; (3) elicit testimony from the medical examiner regarding whether the victim's wounds could have resulted

from a struggle; and (4) investigate the gun used in the murder in order to determine whether Robinson's fingerprints were on it. Robinson further argues that the postconviction court's conclusion that his trial counsel did communicate the plea offers was clearly erroneous. Finally, Robinson for the first time specifies that his appellate counsel was ineffective because she failed to raise the issue that a jury instruction on first-degree manslaughter should have been given.

The scope of review of a postconviction proceeding is limited to determining whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn.1995) (citing *Scruggs v. State*, 484 N.W.2d 21, 25 (Minn.1992)). An evidentiary hearing is not required unless facts are alleged which, if proven, would entitle a petitioner to relief. *Id.* The petitioner's allegations must be more than argumentative assertions without factual support. *Id.*

A convicted defendant who claims ineffective assistance of counsel so egregious that a new trial is required must prove:

First * * * that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Fox v. State*, 474 N.W.2d 821, 826 (Minn. 1991) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Whether counsel's performance was deficient is measured by an objective standard of reasonableness. *Hodgson*, 540 N.W.2d at 518. Moreover, there is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

Most of Robinson's claims were properly dismissed because they were known at the time of his direct appeal.[1] Once an appeal has been taken, all issues raised and all issues known but not raised will not be considered upon a subsequent petition for postconviction relief. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This generally includes claims for ineffective assistance of counsel, unless the claim is such that the reviewing court needs additional facts to explain the attorney's decisions. *Black v. State*, 560 N.W.2d 83, 85 n. 1 (Minn. 1997). Here, Robinson knew that he wished to challenge his trial attorney's effectiveness at the time of his direct appeal, although he did not specify at that time what those claims would have been. Robinson admits that he discussed the issue with his appellate counsel, and he submitted a supplemental pro se brief indicating he wished to "preserve" the issue. *See King v. State*, 562 N.W.2d 791, 795–96 (Minn.1997) (holding ineffective assistance of counsel claim barred because raised on direct appeal). With the exception of Robinson's claim that his trial counsel failed to communicate two plea offers and his claim of ineffective assistance of appellate counsel, his claims of ineffective assistance of counsel either were or should have been raised at the time of the direct appeal and were accordingly properly dismissed by the postconviction court.[2]

**1.** The postconviction court did not dismiss these claims on this basis; rather, it examined each claim and determined that Robinson failed to make any factual allegations, which, if proved, would have entitled him to relief. After reviewing the record and Robinson's petition, we conclude that the petition was properly dismissed on this basis as well.

**2.** Robinson attempts to avoid this procedural rule by alleging new facts and adding specific claims of a failure to investigate by his trial counsel. It is well settled that a party may not raise issues for the first time on appeal. *Matter of Welfare of K.T.*, 327 N.W.2d 13, 16–17 (Minn. 1982). These claims are therefore not properly before this court. Moreover, while Robinson has made more specific allegations regarding what investigation his attorney should have performed than he provided the postconviction court, he has still failed to allege how such investigation would have changed the outcome of his case. A showing of prejudice is an essential element of an ineffective assistance of counsel claim. *See Fox v. State*, 474 N.W.2d 821, 826 (Minn.1991).

■ However, Robinson's claim that his trial counsel failed to communicate two plea offers requires additional factfinding, so it is not barred by his having known of the claim at the time of his direct appeal. *See Black,* 560 N.W.2d at 85 n. 1. In order to evaluate such a claim, a court needs to hear testimony from the defendant, his or her trial attorney, and any other witnesses who have knowledge of conversations between the client and the attorney. Only after hearing such testimony could a court determine whether in fact the trial attorney communicated the plea offers. This differs from the claims discussed above, which can be evaluated by an appellate court on direct appeal based on the briefs and trial court transcript, and without any additional factfinding. For this reason, an ineffective assistance of counsel claim such as this is properly raised in a petition for postconviction relief, even though it was known at the time of direct appeal.[3] Robinson's remaining claim for ineffective assistance of appellate counsel was not known at the time of his direct appeal, so it was properly raised in a petition for postconviction relief. We turn next to these two claims.

■ After an evidentiary hearing, the postconviction court found that Robinson's trial attorney did in fact communicate two plea offers to Robinson. Robinson claims that this finding of fact was erroneous and should be reversed. In general, a trial court's findings of fact will not be disturbed unless clearly erroneous. Minn. R. Civ. P. 52.01. That means that this court will not reverse, unless "upon review of the entire evidence, [the] court is left with the definite and firm conviction that a mistake has been made." *Gjovik v. Strope,* 401 N.W.2d 664, 667 (Minn.1987).

At the postconviction hearing, there was conflicting testimony on the issue of whether Robinson's trial counsel had communicated the plea offers to Robinson. Robinson testified that the attorney had not conveyed any offers to negotiate a plea. His trial counsel testified that he conveyed two separate offers to Robinson, one while he was in jail and one immediately before the trial. The two prosecutors on the case both testified that they had two discussions with Robinson's counsel about possible pleas, and that he had returned to them saying that his client was not interested in the offers they put forth. Given this testimony, the postconviction court could have reasonably concluded that Robinson's trial counsel did in fact discuss the plea offers with Robinson. We thus conclude that the postconviction court's finding of fact was not clearly erroneous.

■ As for Robinson's ineffective assistance of appellate counsel claim, he alleges his counsel was ineffective because she failed to raise the issue of submission of a jury instruction on a lesser-included offense in Robinson's direct appeal. In his petition, Robinson did not detail the alleged failure of appellate counsel, nor how it would have made a difference. For this reason, the postconviction court concluded that Robinson had alleged insufficient facts to entitle him to relief. In his appellate brief, Robinson makes the new argument that an instruction on first-degree manslaughter should have been given. Because it was not raised below, this claim is not properly before this court. *K.T.,* 327 N.W.2d at 16–17. Moreover, the claim has no merit because Robinson specifically waived the issue at trial. Robinson testified, out of the presence of the jury, that he did not want the lesser-included offense of manslaughter instruction given to the jury.

---

The only claims Robinson now makes about a failure to investigate that might have any merit are the claims that the victim's hands should have been tested for powder burns, and that the medical examiner should have been asked whether the victim's wounds could have occurred during a struggle. While these pieces of information, had they been presented, would have supported Robinson's contention that the shooting occurred during a struggle, given the weight of the evidence supporting the jury's ver-

dict, it is unlikely that their absence affected the jury's verdict. Thus, it cannot be said that the attorney's failure to pursue these leads and introduce this evidence was an error that prejudiced Robinson's trial.

3. The best procedure for raising such a claim, however, is to file a petition for postconviction relief *before* appeal. *Roby v. State,* 531 N.W.2d 482, 484 n. 1 (Minn.1995).

This claim was therefore properly dismissed by the postconviction court.[4]

In summary, we hold that most of Robinson's claims for ineffective assistance of counsel were barred from being raised in a petition for postconviction relief because they were known at the time of his direct appeal. His two claims that were not so barred were properly dismissed by the postconviction court. The postconviction court's finding of fact that Robinson's trial counsel had communicated plea offers was not clearly erroneous, and Robinson's claim for ineffective assistance of appellate counsel was properly dismissed because Robinson failed to allege sufficient facts to entitle him to relief.

Affirmed.

---

4. Even if Robinson had not waived the claim, it was not error to exclude the instruction. Where the jury finds the intent necessary for a higher degree of murder, the failure to instruct jury on the lesser offense of manslaughter is not prejudicial error. *Cf. State v. Lee*, 282 N.W.2d 896, 899–900 (Minn.1979). Here, the jury found Robinson guilty of, among other things, second-degree murder. Because the jury made this finding, they could not have concluded that Robinson also committed manslaughter. *See* Minn.Stat. § 609.20(2) (1996). Failure to give an instruction on manslaughter in this situation was not an error, and Robinson's appellate attorney could not have been ineffective for not raising the issue on appeal.