Joseph Allen AZURE, petitioner,
Appellant.

v.

STATE of Minnesota, Respondent.

No. A04–2211.

Supreme Court of Minnesota.

July 21, 2005.

Samuel A. McCloud, McCloud & Boedigheimer, P.A., Shakopee, MN, W. Harvey Skees, Paul Egtvedt, Egtvedt & Skees, LLP, Minneapolis, MN, for Appellant.

Mike Hatch, Minnesota State Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN, Joseph A. Evans, Becker County Attorney, Detroit Lakes, MN, for Respondent.

## OPINION

ANDERSON, PAUL H., Justice.

On September 21, 1999, a Becker County District Court jury found appellant Joseph Allen Azure guilty of the first-degree premeditated murder of David King. On direct appeal, Azure claimed that the judge who presided over his trial should have removed himself in accordance with Azure's oral pretrial request. We affirmed Azure's conviction. *State v. Azure*, 621 N.W.2d 721 (Minn.2001).

On July 12, 2004, Azure filed a petition for postconviction relief alleging that (1) the state presented insufficient evidence to sustain a conviction of first-degree premeditated murder; (2) the state committed misconduct during his trial; (3) the trial court erred by denying his change of venue motion; (4) evidence the state presented was obtained in violation of his Fourth Amendment rights; and (5) his trial counsel was ineffective because he made specific errors. The postconviction court summarily denied Azure's petition for relief on the grounds that the claims raised in the

petition were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). In his postconviction petition, Azure did not claim that he received ineffective assistance of appellate counsel during his direct appeal, but he did raise this issue in his brief to our court. On appeal, Azure urges us to either remand to the postconviction court for further findings or review his claims on the merits. We affirm.

On March 31, 1999, appellant Joseph Allen Azure was indicted for first-degree premeditated murder and first-degree intentional murder while committing a drive-by shooting that caused the death of David King. Minn.Stat. §§ 609.185(1); 609.185(3) (2004). Azure's trial in Becker County District Court began on September 13, 1999. Eight days later the jury found Azure guilty of first-degree premeditated murder and not guilty of first- and second-degree murder while committing a drive-by shooting. Azure was convicted of first-degree premeditated murder and sentenced to life in prison.

On January 10, 2000, Azure filed a Notice of Appeal, and on June 6, 2000, the State Public Defender's Office filed a brief on his behalf (Public Defender's Brief). The Public Defender's Brief raised two issues: (1) that, as a matter of law, the evidence presented at trial was insufficient to sustain Azure's conviction of first-degree premeditated murder, and (2) that Azure was denied his right to a fair trial on the issue of premeditation because of the state's misconduct during its closing argument.

On July 5, 2000—approximately one month after the Public Defender's Brief had been filed—Azure retained private counsel to represent him. Azure's private counsel filed a motion with our court for leave to file a substitute or additional appellate brief. The state filed a response to

Azure's motion and requested that Azure be allowed to file "just one counseled brief, whether it be the one already filed by the State Public Defender or a substitute brief by new counsel." On July 10, 2000, we issued an order granting Azure leave to file a substitute brief, stating that "[t]he brief served and filed on June 6, 2000, by the public defender is stricken from the record and will not be considered by the court." Azure's private counsel then filed a substitute brief (Private Counsel Brief). The Private Counsel Brief did not mention either the sufficiency of evidence or prosecutorial misconduct claims raised in the Public Defender's Brief. Rather, it presented only one issue for consideration— whether Azure properly filed his notice of removal regarding the judge who presided over Azure's trial. *Azure*, 621 N.W.2d at 722.

We affirmed Azure's conviction, holding that the trial court did not err in denying Azure's motion to remove the trial court judge because Azure had failed to file a notice of removal with the court administrator and did not request removal within the time period set forth in Minn. R.Crim. P. 26.03, subd. 13(4). *Azure*, 621 N.W.2d at 724–25. We did not address the two issues in the stricken Public Defender's Brief.

Approximately three and one-half years after we affirmed Azure's conviction, he filed a petition for postconviction relief. The postconviction court summarily denied Azure's petition on the grounds that the claims raised in the petition were procedurally barred. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. In the current appeal, Azure asserts that the sufficiency of evidence and prosecutorial misconduct claims raised in the stricken Public Defender's Brief were properly before us on direct appeal and, because we did not review these claims in his direct appeal, he is

entitled to a review on the merits here. Azure also raises the issue for the first time on this appeal that his appellate counsel on his direct appeal was ineffective because his appellate counsel failed to assert the five claims he raised in his postconviction petition. Azure concedes that he did not expressly raise an ineffective assistance of appellate counsel claim in his postconviction petition, but asserts that, because he has raised the issue in his brief to our court, he preserved the issue for review.

Resolving this case requires a three-part analysis. First, we must consider whether the sufficiency of evidence and prosecutorial misconduct arguments raised in the Public Defender's Brief were properly before us on direct appeal. Second, we must decide whether, in the current appeal, Azure has properly raised the claim that he received ineffective assistance of appellate counsel on direct appeal. Finally, we must determine whether the postconviction court erred in concluding that each claim raised by Azure in his postconviction petition is procedurally barred.

## I.

█ We first consider whether the issues raised in the Public Defender's Brief were properly before us on direct appeal and thus warranted review on the merits at that time. Azure argues that "it appears" that all of the arguments contained in the Public Defender's Brief and the Private Counsel Brief required "judicial determination" on direct appeal. According to Azure, because we did not address these claims in his direct appeal, he is entitled to review on the merits in this postconviction appeal. In making this argument, Azure omits the critically important fact that, on July 10, 2000, we issued an order stating that "[t]he brief served and filed on June 6, 2000, by the public

defender is stricken from the record and will not be considered by the court."

The state argues that the unambiguous wording of this order striking the Public Defender's Brief "contradicts the claims [Azure] makes now that there was either confusion about what briefs were being considered by this Court on direct appeal or that the issues raised in the public defender's brief were before this Court but not ruled on." The state also notes that the Private Counsel Brief could have incorporated the issues raised in the Public Defender's Brief, but did not, and therefore asserts that the claims raised in the Public Defender's Brief are not entitled to review on the merits. We agree.

Our July 10 order expressly stated that the Public Defender's Brief "will not be considered" by our court. Azure's private counsel was free to incorporate the sufficiency of evidence and prosecutorial misconduct arguments presented in the stricken Public Defender's brief. Instead, Azure's counsel raised only the issue of whether Azure's removal request had been improperly denied. Thus, the sufficiency of evidence and prosecutorial misconduct issues raised in the Public Defender's Brief were not before us during Azure's direct appeal. Accordingly, we hold that there is no merit to Azure's claim that, because we did not address these two issues on direct appeal, he is entitled to review of these issues on the merits in this postconviction appeal.

## II.

█ Next we turn to the question of whether Azure's failure to expressly raise the issue of ineffective assistance of appellate counsel in his postconviction petition constituted a waiver of his right to have the claim considered in this appeal. Azure concedes in his brief to our court that he "did not simply ask for post-con-

viction relief under the general legal notion of 'Ineffective Assistance of Counsel.'" Rather, Azure asserts that "he delineated and broke down these arguments so that the trial court would have an opportunity to more fully view the arguments being raised by the Appellant." The state argues that Azure waived his ineffective assistance of appellate counsel claim by failing to raise it expressly in his postconviction petition.

■ "It is well settled that a party may not raise issues for the first time on appeal" from denial of postconviction relief. *Robinson v. State,* 567 N.W.2d 491, 494 n. 2 (Minn.1997); *Matter of Welfare of K.T.,* 327 N.W.2d 13, 16–17 (Minn.1982). In *Robinson,* the petitioner alleged in his postconviction petition that he received ineffective assistance of appellate counsel because on direct appeal his counsel failed to raise the issue of whether the trial court had erred in not giving a lesser-included offense jury instruction. 567 N.W.2d at 495. In his postconviction petition, the petitioner did not name the specific jury instruction about which his counsel should have claimed error. On appeal to our court, however, the petitioner specified that his counsel should have requested a first-degree manslaughter instruction. *Id.* We refused to review the petitioner's claim on the merits, stating that "[b]ecause it was not raised below, this claim is not properly before this court." *Id.* Here, Azure did not even *raise* the claim of ineffective assistance of appellate counsel in his postconviction petition. Because Azure did not raise the claim in his postconviction petition and the postconviction court made no findings on the issue, we have no postconviction ruling to review. Accordingly, we hold that Azure's ineffective assistance of appellate counsel claim has been waived for the purposes of this postconviction appeal.

## III.

Finally, we turn to the question of whether the postconviction court erred when it determined that each of the claims Azure raised in his postconviction petition—including the sufficiency of evidence and prosecutorial misconduct claims originally raised in the stricken Public Defender's Brief—are procedurally barred. A defendant is permitted to seek postconviction relief "to vacate and set aside the judgment * * * or grant a new trial * * * or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (2004). A postconviction court must grant an evidentiary hearing for any petition filed unless the issues raised in the petition conclusively show that the petitioner is not entitled to relief. Minn.Stat. § 590.04, subd. 1 (2004); *Roby v. State,* 531 N.W.2d 482, 483 (Minn.1995).

■ Under the rule established in *Knaffla,* once a direct appeal has been taken and litigated before our court, all matters raised during that appeal and all claims known but not raised by the defendant will not be considered upon a subsequent petition for postconviction relief. *Carney v. State,* 692 N.W.2d 888, 891 (Minn.2005); *Ives v. State,* 655 N.W.2d 633, 635 (Minn.2003); *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. We have established two exceptions to the *Knaffla* rule: (1) where a claim is so novel that the legal basis was not available on direct appeal, and (2) where the petitioner did not "deliberately and inexcusably" fail to raise the claim on direct appeal and fairness requires its consideration. *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001).

■ In his postconviction petition, Azure asserted five general claims: (1) the state presented insufficient evidence to sustain a conviction of first-degree premeditated murder; (2) the state committed

misconduct during his trial; (3) the trial court erred by denying his change of venue motion; (4) evidence the state presented was obtained in violation of his Fourth Amendment rights; and (5) his trial counsel was ineffective because he made five specific errors.[1] The postconviction court concluded that Azure's claims were *Knaffla*-barred because "the grounds on which [Azure] bases this petition for relief were known but not raised in the direct appeal" and that the exceptions to *Knaffla* did not apply. We agree.

■ We first consider Azure's claims that insufficient evidence was presented to support premeditation, that the state committed misconduct during closing argument, that the trial court erred in denying his change of venue motion, and that evidence presented at trial was obtained in violation of Azure's Fourth Amendment rights. When Azure directly appealed his conviction to this court, he knew what evidence had been adduced to support the jury's finding of premeditation, what the state had asserted in its closing argument, that the trial court had denied his change of venue motion, and that the state had obtained evidence pursuant to a search warrant and presented that evidence at trial. Accordingly, because these claims were known but not raised on direct appeal, Azure is entitled to review on the merits only if one of the two exceptions to *Knaffla* applies. *Carney*, 692 N.W.2d at 891. The first exception to *Knaffla* does not apply to these claims because none is so novel that the legal basis was not available on direct appeal. The second exception to *Knaffla* also does not apply because

Azure did not offer any reason in his post-conviction petition for not raising the claims on direct appeal. We therefore hold that the postconviction court did not abuse its discretion in finding that Azure's claims were procedurally barred. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

■ We next turn to Azure's claims that his trial counsel was ineffective. Specifically, Azure asserts that his counsel was ineffective when he (1) submitted a "follow-up brief" to the trial court after the close of arguments without also providing a copy to the state, resulting in the court's decision to exclude the brief from consideration; (2) failed to object during closing argument when the state, inter alia, referred to Azure as an "executioner"; (3) failed to make any post-trial motions on behalf of Azure "on any grounds whatsoever despite an apparent factual and procedural basis to do so"; (4) failed to seek a writ of prohibition from the proper appellate authority when the trial judge refused to honor Azure's request for removal; and (5) failed to bring a timely motion to remove the trial judge under Minn. R.Crim. P. 26.03 (2000).

Each of these ineffective assistance of trial counsel claims was known at the time of direct appeal, as they all involve conduct by Azure's trial counsel that is discernible from the trial court record. Accordingly, these claims warrant review only if one of the two exceptions to *Knaffla* applies. Because none of the ineffective assistance of trial counsel claims is so novel that the legal basis was not available on direct appeal, we conclude the first *Knaffla* excep-

---

1. Azure also asserted in his postconviction petition that his trial counsel committed "other irregularities in the actions of counsel for Petitioner which could be presented at the hearing on petition in this matter" as well as "all other legal and equitable grounds that may be discovered during these proceedings."

We do not consider such claims, "because a petitioner's allegations must be 'more than argumentative assertions without factual support.'" *Zenanko v. State*, 688 N.W.2d 861, 864 n. 2 (Minn.2004) (quoting *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn.1995)).

tion does not apply. The second *Knaffla* exception also does not apply because Azure did not offer any reason in his postconviction petition for not raising the ineffective assistance of trial counsel claims on direct appeal. Accordingly, we hold that the postconviction court did not abuse its discretion in finding that all of Azure's ineffective assistance of trial counsel claims were procedurally barred.

Affirmed.