*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1309**


James Spencer, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed March 23, 2015
Affirmed
Halbrooks, Judge**


Hennepin County District Court
File No. 27-CR-12-19949

Julie Loftus Nelson, Nelson Criminal Defense & Appeals, PLLC, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

On appeal from the denial of his petition for postconviction relief, appellant argues that the postconviction court erred by determining that his petition was time-barred and by denying his petition on the merits. We affirm.

## FACTS

Appellant James Spencer, Jr. was charged with third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(c) (2010), based on an incident that occurred in the bathroom of his barbershop. In a three-day jury trial, the state presented evidence that immediately after Spencer's co-defendant vaginally penetrated L.O. by force, Spencer entered the bathroom, picked up the crying, shaking woman, pushed her over the toilet and vaginally penetrated her. Spencer was arrested the same day. His defense at trial was that the sex was consensual, the woman was a prostitute, and he thought his co-defendant was paying her. The jury found Spencer guilty as charged.

At sentencing in January 2013, Spencer's counsel orally requested a downward departure but asked for the "the low range of 131 months as opposed to the 153 months" if the district court declined to depart from the presumptive sentence. The prosecutor argued for "at a minimum, the presumptive sentence, if not the top of the box." Spencer also spoke, apologizing to his wife and family for "acting so irresponsible" by "having sex in my place of business." The district court expressed concern about the particularly serious nature of the offense and Spencer's lack of amenability to probation, lack of remorse, and dishonesty. The district court sentenced Spencer to 180 months in prison,

which is the top of the presumptive sentencing range based on Spencer's criminal-history score of five. This sentence is also the statutory maximum sentence for this offense. Minn. Stat. § 609.344, subd. 2 (2010). Spencer did not pursue a direct appeal.

In May 2014, Spencer filed a petition for postconviction relief that did not include a request for an evidentiary hearing. The identified ground for relief was that his 180-month sentence is "excessive, unreasonable, and inappropriately exaggerates Spencer's criminality." Spencer requested that he be resentenced to "a term at the lower end [of] the presumptive range, or to the specific presumptive sentence of 153 months."

The postconviction court denied Spencer's petition because it was (1) time-barred and (2) unpersuasive on the merits. It noted the sentencing court's determination "that [Spencer] was unamenable to probation as indicated by his history of violating the conditions of his parole . . . and that [Spencer's] statements about the role he played in the offense were incredible." The postconviction court ruled that Spencer's 180-month sentence is "accurate, reasonable, and appropriate as it is within the presumptive range for the severity level of the offense and his criminal history score" and denied his petition. Spencer now appeals.

**D E C I S I O N**

**I.**

Spencer argues that the postconviction court erred in ruling that his petition was time-barred. The state concedes that Spencer's postconviction petition was timely. "No petition for postconviction relief may be filed more than two years after . . . the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01,

3

subd. 4(a)(1) (2014). Spencer was sentenced on January 14, 2013, did not pursue a direct appeal, and filed his postconviction petition less than two years after sentencing, on May 9, 2014. The postconviction court therefore erred in determining that Spencer's "claims are time-barred pursuant to Minn. Stat. § 590.01, subd. 4." But because the postconviction court also denied the petition on the merits, this error does not by itself require reversal.

## II.

Spencer challenges the postconviction court's denial of his postconviction petition on the merits, arguing that the sentencing court abused its discretion by imposing the top-of-the-box sentence, which is also the statutory maximum sentence, rather than the middle-of-the-box guidelines sentence. Spencer contends that his "sentence was excessive and exaggerated [his] criminality." Appellate courts review a summary denial of postconviction relief for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

Under the sentencing guidelines, the presumptive sentence for Spencer's offense with his criminal-history score falls within a range of 130 to 180 months. Minn. Sent. Guidelines IV (2010) (sex-offender grid). Sentence ranges in the sentencing guidelines are presumed to be appropriate for the crimes to which they apply. Minn. Sent. Guidelines II.D (2010). "All three numbers in any given cell [on the sentencing guidelines grid] constitute an acceptable sentence . . . ." *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). "[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *State v. Delk*, 781 N.W.2d 426,

4

428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Spencer points to no authority that modifies these principles of law when the maximum presumptive sentence is also the statutory maximum sentence. Rather, the cases he relies on involve upward departures from the sentencing guidelines. But the district court did not impose a sentence that is a departure from the guidelines. The district court imposed the longest permitted sentence within the presumptive range for the offense committed, given Spencer's criminal-history score.

Spencer also argues that his 180-month sentence is excessive and exaggerates his criminality because there are published cases in which defendants convicted of third-degree criminal sexual conduct received significantly shorter sentences. But the presumptive sentencing range here is largely driven by Spencer's criminal-history score, which is undisputed. Had Spencer's criminal-history score been zero, the presumptive sentencing range for his offense would have been 41 to 58 months. Minn. Sent. Guidelines IV (2010) (sex-offender grid).

Absent "identifiable, substantial, and compelling circumstances to support a sentence outside the range on the grid," the district court must impose a presumptive guidelines sentence. Minn. Sent. Guidelines II.D. A district court is not required to explain its reasons for imposing a presumptive sentence, and this court does not interfere with the district court's exercise of discretion so long as "the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985). Here, the

district court heard from both attorneys and Spencer personally before stating its concerns and imposing the top-of-the-box presumptive sentence.

We conclude that this is not the rare case that warrants reversal of a presumptive guidelines sentence. We therefore conclude that the postconviction court did not abuse its discretion when it denied Spencer's petition on the merits.

### III.

In his pro se supplemental brief, Spencer raises a number of claims on appeal that are not included in his petition for postconviction relief. Because Spencer did not raise these claims in his postconviction petition and the postconviction court made no findings on the issues, there are no postconviction rulings to review. We therefore conclude that the issues raised in Spencer's pro se supplemental brief are waived for purposes of this appeal. *Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) ("It is well settled that a party may not raise issues for the first time on appeal from denial of postconviction relief." (quotation omitted)).

**Affirmed.**