*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0894**

John Christian Richmond, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 14, 2016
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-11-18537

John Christian Richmond, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges the postconviction court's summary denial of his motion for postconviction relief, arguing that he was entitled to an evidentiary hearing on his claim that he was denied effective assistance of counsel. We affirm.

**FACTS**

In June 2011, appellant John Christian Richmond was charged with two counts of first-degree aggravated robbery. Richmond was appointed a public defender, but fired her and hired a private attorney before trial. Following a jury trial, Richmond was found guilty of both counts. Represented by a third attorney, Richmond appealed, and this court affirmed his convictions on May 13, 2013. *State v. Richmond*, No. A12-0899, 2013 WL 1942995 (Minn. App. May 13, 2013), *review denied* (Minn. July 16, 2013). On November 13, 2014, Richmond filed a pro se petition for postconviction relief, and the postconviction court dismissed the petition without holding an evidentiary hearing. This appeal followed.

**D E C I S I O N**

Absent an abuse of discretion, a postconviction court's decision will not be disturbed. *Wayne v. State*, 860 N.W.2d 702, 704 (Minn. 2015). Appellate courts "review a postconviction court's legal conclusions de novo," but "will not reverse the court's factual findings unless they are clearly erroneous." *Andersen v. State*, 830 N.W.2d 1, 6 (Minn. 2013).

A person convicted of a crime who claims that his conviction violated his rights may file a petition for postconviction relief under Minn. Stat. § 590.01, subd. 1 (2014). A postconviction court is required to hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). "To warrant an evidentiary hearing a petitioner's postconviction allegations must be more than argumentative assertions without factual support." *King v. State*, 649 N.W.2d 149, 158 (Minn. 2002) (quotation omitted).

Richmond argues that the district court erred by denying his petition for postconviction relief without ordering an evidentiary hearing on his claims that all three of his attorneys provided ineffective assistance of counsel. To show ineffective assistance of counsel, a "defendant must affirmatively prove that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2068 (1984)).

**Ineffective Assistance of Court-Appointed Trial Counsel**

Although Richmond argued in his postconviction petition that his court-appointed trial counsel provided ineffective assistance of counsel, he claims for the first time on appeal that she did so by failing to apprise him of the state's plea offer and by failing to negotiate a better plea with the state. "It is well settled that a party may not raise issues for the first time on appeal from denial of postconviction relief." *Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (quotation omitted). Therefore, these claims are not properly before this court.

Richmond also argues that his court-appointed counsel provided ineffective assistance of counsel because she took actions that deprived him of his right to a speedy trial. "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 43 N.W.2d 737, 741 (1976). While Richmond failed to raise this claim at the time of his direct appeal, he contends that the

3

claim is not *Knaffla*-barred because it requires additional fact-finding. *See Andersen*, 830 N.W.2d at 10 (stating that an ineffective assistance of counsel claim "is not *Knaffla*-barred when the claim requires examination of evidence outside the trial record or additional fact-finding by the postconviction court, because the claim is not based solely on the briefs and trial court transcript"). Richmond argues that it is impossible to ascertain his court-appointed counsel's rationale for waiving his initial speedy trial demand without an evidentiary hearing, but we conclude, as the postconviction court did, that "the record suggests [Richmond's court-appointed counsel] did consult with her client about delaying the trial" and sought a continuance in order to have "more time to address pretrial suppression issues and have all proceedings in front of the same judge." Because no further fact-finding is needed on this issue, this claim is *Knaffla*-barred.

**Ineffective Assistance of Private Trial Counsel**

Richmond argues that his private trial counsel provided ineffective assistance of counsel, pointing out numerous instances of allegedly deficient performance. Although these claims could have been brought at the time of his direct appeal, Richmond argues that these claims are not barred by *Knaffla* because additional fact-finding is needed.

Richmond's claim that private counsel did not inform him of the plea offer that was put on the record at a July 26, 2011 court hearing does not warrant an evidentiary hearing because Richmond was present with court-appointed counsel at the hearing. Likewise, Richmond's complaint that private counsel did not favor plea deals and did not negotiate a more favorable plea deal does not warrant an evidentiary hearing because he cites no law requiring an attorney to negotiate a particular plea deal for a client. *See State v. Wembley*,

4

712 N.W.2d 783, 795 (Minn. App. 2006) ("An assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." (quotation omitted)), *aff'd*, 728 N.W.2d 243 (Minn. 2007).

Richmond complains that his attorney told him, "I don't see how we can lose this case," and then lost the case, but does not allege that the opinion of his private counsel was based on a misunderstanding of the law. *See Leake v. State*, 737 N.W.2d 531, 540–41 (Minn. 2007) (concluding that a hearing was necessary to determine whether defense counsel's representation was objectively unreasonable where he misstated defendant's potential sentence if convicted). Because Richmond cites no law stating that an attorney provides ineffective assistance of counsel by providing an opinion about the likely outcome of the trial that ultimately proves to be incorrect, this claim does not merit an evidentiary hearing. *See Wembley*, 712 N.W.2d at 795.

Richmond argues that his private counsel misinformed him regarding the sentence that could be imposed if he were convicted, but makes no specific allegations of how his counsel misinformed him. Because Richmond's argument is merely an "argumentative assertion[] without factual support," it does not warrant an evidentiary hearing. *King*, 649 N.W.2d at 158 (quotation omitted).

Finally, Richmond argues that his private counsel did not adequately investigate the case and prepare for trial. Richmond does not assert what his counsel did incorrectly, what should have been done, or how the result would have been any different but for any errors his private counsel allegedly committed. Moreover, the record reveals evidence of a vigorous representation by Richmond's private counsel during trial. Because Richmond

5

has not alleged facts that would entitle him to relief, this claim does not warrant an evidentiary hearing.

As Richmond has not shown the need for additional fact-finding with regard to any of his claims of ineffective assistance of trial counsel, the district court did not abuse its discretion by concluding that they are procedurally barred under *Knaffla*.

**Ineffective Assistance of Appellate Counsel**

Richmond argues that the district court erred by denying his postconviction claim of ineffective assistance of appellate counsel. Richmond argues that appellate counsel provided ineffective assistance of counsel by not arguing on direct appeal that trial counsel provided ineffective assistance. In his postconviction petition, however, Richmond did not argue that appellate counsel provided ineffective assistance of counsel by failing to argue that trial counsel provided ineffective assistance. Therefore, this claim is not properly before this court. *Azure*, 700 N.W.2d at 447.

In sum, the postconviction court did not abuse its discretion by summarily denying Richmond's petition for postconviction relief.

**Affirmed.**