*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1386**


Brett Thomas Green, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed April 11, 2016
Affirmed
Smith, John, Judge∗**


Isanti County District Court
File No. 30-CR-08-1174

Brett Thomas Green, Rush City, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey Edblad, Isanti County Attorney, Scott A. Hersey, Special Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Cleary, Chief Judge; Rodenberg, Judge; and Smith,

John, Judge.

_____

∗ Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH, JOHN**, Judge

We affirm the district court's order summarily denying appellant Brett Thomas Green's postconviction petition and his motion for correction of his sentence because his petition is *Knaffla*-barred and the district court properly calculated his jail credit when appellant was resentenced.

## FACTS

Green was found guilty of criminal sexual conduct in the first, third, and fourth degrees in August 2010. Green was sentenced to 153 months in prison and a lifetime period of conditional release. Green filed a direct appeal, arguing that *Spreigl* evidence was improperly admitted, there was insufficient evidence to support his conviction, the prosecutor engaged in misconduct, and several other claims that this court concluded were meritless. *State v. Green*, No. A11-850, 2012 WL 1470164 (Minn. App. Apr. 30, 2012) (*Green I*). We affirmed Green's conviction in an unpublished opinion. *Id*.

Green subsequently filed numerous petitions for postconviction relief from September 2012 to February 2014. Collectively, those petitions raised arguments for sentence modification, manifest injustice based upon credibility of trial witnesses and actual innocence, sufficiency of the evidence, prosecutorial misconduct, newly discovered evidence, ineffective assistance of trial and appellate counsel, and multiple requests for appointment of counsel. The district court denied Green's motions on various grounds, noting that the claims brought by Green were barred by *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), and Minn. Stat. § 590.01, subd. 1(2) (2012). The district court

2

also denied Green's requests for appointment of counsel because the direct appeal had already occurred. Minn. Stat. § 590.05 (2012).

On March 27, 2014, Green filed his second appeal challenging the denial of several of his petitions for postconviction relief. *Green v. State*, No. A14-0613, 2015 WL 46502 (Minn. App. Jan. 5, 2015) (*Green II*), *review denied* (Minn. Mar. 17, 2015). We affirmed, stating that the issues raised by Green were barred by *Knaffla* and that Green failed to provide a factual or legal basis for the relief requested. *Id*. at *3. Additionally, we considered and rejected Green's argument that he received ineffective assistance of appellate counsel. *Id*. at *2.

In October 2014, Green filed multiple petitions for postconviction relief, raising the same issues that had been rejected by both this court and the district court. The district court again denied Green's motions. In a separate file, 30-CR-07-71, the district court granted Green's request to withdraw his guilty plea. Because the conviction in that file was used as a basis for Green's criminal-history score for sentencing in the present case, the district court ordered that the matter be scheduled for resentencing, and appointed counsel for Green on that issue.

On April 15, 2015, the district court resentenced Green to 144 months with a conditional-release term of 10 years and credit for 2,344 days spent in custody. Green filed additional petitions for postconviction relief, raising the same previous claims, and again requested appointment of counsel. The district court denied the petitions on the basis that Green's claims were barred by *Knaffla,* Minn. Stat. § 590.01, subd. 1(2), and that the prior order appointing counsel for purposes of resentencing had been fulfilled.

3

In July 2015, Green filed two motions. The first motion requested the district court to recalculate his jail credit and reconsider its decision not to impose a downward departure. The second motion requested postconviction relief based upon the same claims that had been rejected multiple times. The district court denied Green's motion for a corrected sentence, holding that the time spent in jail for which Green sought credit was served prior to the date the state acquired probable cause on the present offense. The court refused to consider Green's request to reconsider the downward departure as untimely because it was filed while direct appellate review was still available. Finally, the district court summarily denied Green's petition for postconviction relief on the grounds that it reiterated his previous postconviction filings and offered no new basis for review. Green appeals.

## DECISION

**I.      The district court did not abuse its discretion when it summarily denied Green's postconviction petition.**

"A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2014). Once a direct appeal has been taken, all matters raised and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Two exceptions to the *Knaffla* rule apply when: (1) a novel issue has been raised or (2) the interests of justice require review. *Carridine v. State*, 867 N.W.2d 488, 493 (Minn. 2015).

4

A postconviction court may summarily deny a successive petition for postconviction relief if the issues raised in the petition have been previously decided by the court of appeals or the supreme court in the same case. Minn. Stat. § 590.04, subd. 3 (2014). An evidentiary hearing is required if the petitioner alleges facts that, if proven by a preponderance of the evidence, would entitle him to the requested relief. *Roby v. State*, 547 N.W.2d 354, 356 (Minn. 1996). "The petitioner's allegations must be more than argumentative assertions without factual support." *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn. 1995) (quotation omitted). A summary denial of a postconviction petition is reviewed for an abuse of discretion. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). We review issues of law de novo and factual findings for sufficiency of the evidence supporting them. *Id*.

### Knaffla Rule

Green argues that the district court abused its discretion when it summarily denied his petition for postconviction relief. We disagree. Green has filed numerous petitions for postconviction relief and has now filed three separate appeals. In his most recent petition for relief, which is the subject of this appeal, Green raises the issues of ineffective assistance of trial and appellate counsel, sufficiency of the evidence, prosecutorial misconduct, and credibility of the trial witnesses. The district court denied Green's petition with respect to these issues, noting that his requests "essentially reiterate his previous multiple postconviction challenges and present no new evidence or other substantive basis for review." In fact, all of these issues, except for the claims of ineffective assistance of counsel, were raised and rejected in Green's first appeal. *See Green I*, 2012 WL 1470164,

5

at *4-5. Because Green does not assert that the claim of ineffective assistance of trial counsel required examination of evidence outside of the trial record, that claim would have been available to him on direct appeal. *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013) ("When a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim must be brought on direct appeal or it is *Knaffla*-barred."). Additionally, Green's assertion that he received ineffective assistance of appellate counsel with respect to his first appeal was raised and rejected in Green's second appeal. *Green II*, 2015 WL 46502, at *2. Because the assertions made by Green were raised on direct appeal, could have been raised on direct appeal, or have subsequently been decided by this court, we conclude that they are now procedurally barred. Minn. Stat. § 590.04, subd. 3; *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

### *Exceptions to the Knaffla Rule*

Green argues that even if he is procedurally barred under *Knaffla*, his arguments satisfy the exceptions to the *Knaffla* rule and should be considered by this court. We are not persuaded. To be eligible for relief under an exception to the *Knaffla* rule, Green would have to raise an issue that is "so novel that its legal basis was not reasonably available at the time of the direct appeal" or requires review in the interests of justice and the failure to raise the issue on direct appeal was not deliberate and inexcusable. *Carridine*, 867 N.W.2d at 493 (quotation omitted).

Here, Green argues that he has raised novel issues of sufficiency of the evidence, ineffective assistance of trial and appellate counsel, actual innocence, and prosecutorial misconduct. There is nothing novel about these claims. With the exception of the claim

6

of ineffective assistance of appellate counsel, all of the issues asserted by Green were raised or could have been raised on direct appeal. And the issue of ineffective assistance of appellate counsel was addressed in Green's second appeal. *Green II*, 2015 WL 46502, at *2. Green argues that review is required in the interests of justice because any issues not raised on direct appeal were excusable on the grounds that his appellate counsel "raised only one issue, which was completely moot, without legal grounds." But this issue was addressed in Green's second appeal, when we held that Green failed to demonstrate how any of the claims not raised by his appellate counsel had merit or would have altered the outcome of his direct appeal. *Id.* (citing *Wright v. State*, 765 N.W.2d 85, 91 (Minn. 2009) (noting that counsel does not act unreasonably by not asserting claims that counsel could have legitimately concluded would not prevail)). Further, we noted that Green filed supplemental pro se briefs on direct appeal but failed to offer a reason for why those briefs did not include the issues that were later raised in his successive postconviction petitions. *Id*. This same reasoning applies to this appeal, and exemplifies why Green's arguments fail to satisfy either exception to the *Knaffla* rule.

### *Appointment of Counsel*

Finally, Green argues that the *Knaffla* rule should not apply because he was not appointed counsel in accordance with the district court's January 20, 2015 order. The district court's order granted Green's request for appointment of counsel and stated that the matter was to be scheduled to address sentencing issues presented by Green's plea withdrawal in file 30-CR-07-71. By Green's own admission, he was represented by

counsel at the April 15, 2015 sentencing hearing. Therefore, the district court's order was fulfilled.

Green asserts that aside from the issue of sentencing, he was entitled to appointment of counsel to address the other issues raised in his successive postconviction petitions. An indigent person who desires to pursue postconviction relief may apply for representation by the state public defender. Minn. Stat. § 590.05 (2014). And the state public defender shall represent such an individual if the person has not already had a direct appeal of the conviction. *Id.* Here, because Green already had a direct appeal of his conviction, he is not entitled to representation to pursue the other issues raised in his postconviction petitions.

Green's arguments are procedurally barred under *Knaffla* and Minn. Stat. § 590.01, subd. 1(2), he does not satisfy either exception to the *Knaffla* rule, and he is not entitled to counsel to address the issues raised in his successive postconviction petitions. Therefore, the district court did not abuse its discretion by summarily denying Green's petition.

**II.    The district court did not miscalculate Green's jail credit.**

When pronouncing the sentence of an individual, the court must "[s]tate the number of days spent in custody in connection with the offense or behavioral incident being sentenced." Minn. R. Crim. P. 27.03, subd. 4(B). "That credit must be deducted from the sentence and term of imprisonment and must include time spent in custody from a prior stay of imposition or execution of sentence." *Id.* Jail credit shall be awarded for time in custody after the date when "(1) the [s]tate has completed its investigation in a manner that does not suggest manipulation by the [s]tate, and (2) the [s]tate has probable cause and

sufficient evidence to prosecute its case against the defendant with a reasonable likelihood of actually convicting the defendant." *State v. Clarkin*, 817 N.W.2d 678, 689 (Minn. 2012).

"The defendant has the burden of establishing that he is entitled to jail credit for any specific period of time." *Id*. at 687. Awarding jail credit is a mixed question of fact and law. *Id*. We review the district court's factual findings concerning jail credit for clear error, then apply the rules of law to those circumstances under the de novo standard. *Id*. "The sentencing court does not have discretion in awarding jail credit." *Id*.

### *Credit from Prior Conviction*

Green argues that he is entitled to jail credit for time spent in custody on a previous conviction in file 30-CR-07-71. Green acknowledges that he was incarcerated for his conviction in file 30-CR-07-71 from January 19, 2007 until April 25, 2007, and again from February 7, 2008 until July 4, 2008. The complaint and amended complaints in the present file allege that the current offenses occurred on or about August 7, 2008. When Green was resentenced, the court awarded credit for any time in custody dating back to August 7, 2008. Because the present offense occurred after Green's release from incarceration on file 30-CR-07-71, he was not entitled to credit for time spent in custody on that file. Therefore, the district court did not err.

### *Calculation of Jail Credit*

Green also argues that the jail credit for time spent in custody on this file was miscalculated. "[A] criminal defendant at sentencing shall get credit for time spent in jail in connection with the criminal charges." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008). Jail credit is applied by subtracting the credit from the specified minimum term of

imprisonment of the imposed sentence. Minn. Sent. Guidelines 3.C.2.a. Here, the presentence investigation shows that Green was incarcerated on this file from October 3, 2008 until July 12, 2010, and from August 24, 2010 until March 12, 2015. This amounts to 2,310 days spent in custody. At sentencing, the court awarded Green credit for these days, plus credit for the time spent in custody from March 13, 2015 until the sentencing on April 15, 2015, for a total of 2,344 days of jail credit. Green asserts that on top of the 791 days actually served in custody from October 3, 2008 to July 12, 2010[1] and August 24, 2010 to January 13, 2011, he is entitled to an additional 264 days (one-third of 791) of good time earned. But if Green received good time credit for one-third of the time spent in custody in addition to one-third of the total executed prison sentence, he would improperly receive double credit. Therefore, Green is not entitled to the additional 264 days of credit he requests. We conclude that the district court did not miscalculate his jail credit.

*Downward Departure*

Green also alludes to challenging the denial of a downward departure, but fails to adequately brief this argument. This issue is therefore waived. *State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997). We also note that the district court properly refused to consider this argument because Green's postconviction petition was filed on July 8, 2015, during a time when direct appellate

---

[1] Green's brief uses the date of July 4, 3010, which appears to be a typographical error. In his postconviction petition he uses the date July 12, 2010, which is consistent with the date in the presentence investigation.

review was available.  *See* Minn. Stat. § 590.01, subd. 1 (stating that a person may petition for postconviction relief except when direct appellate review is available).  Additionally, it would now be improper for this court to consider this argument because Green filed his notice of appeal on August 21, 2015, more than 90 days after the sentencing order was issued on April 15, 2015.  *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a) ("[A]n appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed."); *State v. Hughes*, 758 N.W.2d 577, 580 (Minn. 2008) ("The 90-day appeal period for direct appeals begins to run upon entry of a final judgment, which occurs when there is a judgment of conviction . . . and [a] sentence is imposed . . . ." (alterations in original) (quotations omitted)).  But because the time frame for appeal on this issue has now concluded, Green could now raise this issue in a separate postconviction petition.

We conclude that the district court did not err when resentencing Green because the jail credit was properly calculated and his challenge to the denial of a downward departure was untimely.

**Affirmed.**